Charles Weide et al.,

*vs.*

William F. Davidson et al.

In an action against common carriers by the owners of merchandize for injury to the goods, a written instrument, in form a bill of lading, but without signature, delivered to plaintiffs by the agent of the defendants at the port of delivery along with the goods, dated at the port of shipment, is admissible in evidence as a memorandum accompanying the freight, and competent evidence to be submitted to the jury on the question whether the goods were in good order and condition at the time of shipment.

An endorsement on such instrument by the agents of boats and rail-roads made at the request of the plaintiffs at the port of shipment nearly eighteen months after the delivery of the goods, stating that the instrument referred to is a copy of the manifest of a certain boat and barges at a particular time stated, the boat being the same named in the memorandum and upon which the goods were carried, and the time being the same at which the goods were received by the defendants, does not show that the paper was not the original memorandum accompanying the goods.

An objection made to the reception of evidence without any statement whatever of the nature or ground of objection is not good.

Where a party takes an exception to a ruling admitting certain evidence offered by the adverse party, and afterwards offers the same evidence himself, the exception taken is thereby waived.

Where there is evidence sufficient to sustain the finding of the jury this court will not interfere with the verdict.

The plaintiffs brought this action in the district court for Ramsey county, to recover damages against the defendants, as common carriers, for injury to certain goods of the plain-

tiffs' delivered to the defendants at La Crosse to be by them transported to St. Paul. During the progress of the trial certain objections were interposed by the defendants to the admission of evidence, which were overruled by the court, and exceptions taken by defendants. The jury rendered a verdict for the plaintiffs, and the defendants moved for a new trial, which was denied, and they appeal to this court.

The points raised by the exceptions to the rulings of the court below sufficiently appear in the opinion of the court.

ALLIS, GILFILLAN & WILLIAMS for Appellants.

LAMPREYS for Respondents.

*By the Court.*—McMILLAN, J.—This is an action brought by the plaintiffs against the defendants as common carriers, for injury to certain goods, viz: a quantity of tobacco, delivered to them at La Crosse to be transported by boat to St. Paul.

The principal fact in controversy on the trial was, whether or not the plaintiffs' tobacco was in a damaged condition when received by the defendants at La Crosse.

The plaintiffs having introduced evidence to show that Theodore Borup and Charles Miller were agents of the defendants at St. Paul, and that upon payment of freight and charges, a certain written instrument, in form a bill of lading, for the tobacco with other goods of the plaintiffs, dated La Crosse, September 30, 1864, but without signature, was delivered to the plaintiffs' drayman with the tobacco, by Borup, one of the said agents, "offered in evidence the bill of lading;" to which the defendants' counsel objected on the ground that it was not signed, and appeared to be a copy.

The court admitted the paper "as a memorandum accom-

panying the tobacco, and delivered with it to the plaintiffs by the agents of the defendants. " The following certificate was attached to the bill of lading: · " La Crosse, March 11, '66. The above is a copy of the manifest to G. H. Gray and barges Sept. 30, '64.

O. E. Britt. "

Joseph R. Weide, one of the plaintiffs, testified that this certificate was written on the bill of lading by Mr. Britt, the agent at La Crosse, for boats and railroad, at his request, at the time it bears date. The testimony shows that the paper in its present form, without the certificate, was delivered to the plaintiffs by defendants' agent with the goods, and that the certificate was placed on it about a year and a half afterwards. There is no doubt, therefore, that the paper is an original document, and that the objection to it as a copy is founded upon a mistake of fact. The only question is, whether the paper was admissible as a memorandum accompanying the goods. The defendants were common carriers by steamboats, and had their agents for shipping and delivering freights at the port of St. Paul. Borup, one of their agents, received the freight on the goods and delivered them to plaintiffs, and with the goods delivered the paper offered in evidence, not as a statement from him or the defendants' agents at St. Paul, but as a paper accompanying the goods, just as they would have delivered a bill of lading. The paper does not purport to have been made by Borup and Miller, or either of them, nor to have been made at St. Paul, but purports to have been made at La Crosse, on the 30th September, 1864, at the time of the shipment of the goods on the boat of defendants, and is the ordinary bill of lading without signature; it was delivered to the drayman, on payment of the charges, by the defendants' agent in St. Paul; the fair presumption, under these

.circumstances, is that it was made at La Crosse by the authority of defendants, and accompanied the goods from La Crosse to St. Paul, and that Borup was authorized to deliver it with the freight to the plaintiffs.

We think it was properly admitted as a memorandum accompanying the freight, and delivered by the defendants' agent to the plaintiffs with the goods, and was competent evidence to be submitted to the jury on the question whether the goods were in good order or not at the time of shipment. It appears from the paper-book, that the plaintiffs on the trial offered in evidence the bill of lading of these goods issued in New York city by the carrier to whom they were delivered there, "and (to use the language of the paper book,) defendants' counsel thereupon objected to the same, and the court overruled said objection." As no ground of objection whatever was stated by the defendants, the objection was properly overruled; it was not for the court to hunt up an objection to the testimony. In addition to this the same bill of lading was offered in evidence by the defendants in the course of their defence. It could not therefore have been injurious to them, and whether material or not to the plaintiffs' case, the objection, if otherwise good, was waived.

The remaining ground of error urged by the defendants is that the verdict is against evidence. A discussion of this point would make it necessary to embody in the opinion almost the entire testimony in the case, which would be of no practical benefit, and would greatly encumber the reports.

Therefore noticing the fact that no attempt was made by the defendants to disprove Borup's agency, or to rebut the presumption that the memorandum of shipment was made at the place of its date, we content ourselves with a state-

ment of our conclusion after a full discussion of the question by the counsel of both parties, and an examination of the testimony as contained in the paper book, that there is evidence in the case sufficient to sustain the finding of the jury. *

The order denying a new trial is affirmed.