SAMUEL CURTISS and Wife *vs.* CHARLES C. LIVINGSTON and Wife.

February 2, 1887.

Pleading—Demurrer—Conclusions of Fact.—As against a demurrer an allegation of an ultimate fact or conclusion of fact is sufficient. Thus, after the creation of a life-estate had been stated, an allegation that "the defendants succeeded to and became possessed of said life interest and estate" is, as against a demurrer, a sufficient allegation of a transfer to defendants.

Waste—Assignee of Life-Estate—Action by Reversioner.—The action for waste, given or regulated by Gen. St. 1878, c. 75, §§ 45, 46, may be maintained by the reversioner against the assignee of a life-estate.

Appeal by defendants from an order of the district court for Rice county, *Buckham,* J., presiding, overruling their demurrer to the complaint.

*A. D. Keyes,* for appellants.

*Baxter, Townley & Gale* and *Sawyer & Sawyer,* for respondents.

GILFILLAN, C. J.   The complaint shows the plaintiff Della M. to have become, on March 23, 1879, owner in fee of certain real estate, and alleges that on that day the plaintiffs executed to Richmond Jones and wife a lease of the real estate for and during their natural lives. It then alleges "that the defendants, after the execution and delivery thereof, *succeeded to and became posssssed of* the life-interest of said Richmond Jones and wife, and thereupon and thereunder took, and ever since have remained in, the actual possession of said premises." It then sets forth acts of wilful waste by defendants on said premises, and alleges damage thereby to plaintiff's

reversionary interest in a certain sum which it alleges is equal to the value of defendants' unexpired term, and it demands judgment for forfeiture of defendants' estate, for an injunction restraining the continuance of the waste, and for treble damages under the statute. To the complaint these objections are made: *First,* it does not allege *facts* showing that the defendants are in as tenants for life under the lease to Richmond Jones and wife; *second,* that, if it does show them to be assignees of the life-estate, still the action for waste contemplated by Gen. St. 1878, *c.* 75, §§ 45, 46, will not lie; for, as claimed, those sections do not give the action against an assignee of a tenant for life.

It is urged that the clause we have quoted from the complaint is a statement of a conclusion of law, and not an allegation of fact. It is, for the purpose of pleading, rather a statement of an ultimate fact, or a conclusion of fact, based on or arrived at by several minor facts, and the rules of law applicable to them. This, to avoid prolixity, is sometimes not only permissible, but necessary, in pleading. Thus, in ejectment, it is sufficient for plaintiff to allege that he is the owner and entitled to the possession, and that the land is wrongfully withheld, without alleging in detail the particular facts on which his claim of title is based,—*McClane* v. *White,* 5 Minn. 139, (178;) *Wells* v. *Masterson,* 6 Minn. 401, (566;) *Buckholz* v. *Grant,* 15 Minn. 329, (406;)—also that a mortgage was "duly foreclosed," without alleging particulars,—*Pinney* v. *Fridley,* 9 Minn. 23, (34;)—also, in an action to enforce a lien for taxes passing under the statute to a purchaser at a void tax sale, that the taxes were "duly levied and assessed." *Webb* v. *Bidwell,* 15 Minn. 394, (479.) So an allegation that a party "conveyed," or that he "contracted" or "agreed," without detailing the particular acts which it is claimed resulted as a conveyance, contract, or agreement, must usually be sufficient in pleading. Where the allegation is so indefinite that the opposite party may not be apprised of what is claimed, the court may, perhaps, on a motion to make more definite and certain, require a more full and detailed statement; but, as against a demurrer, a general allegation of an ultimate fact or conclusion of fact is sufficient.

The defendants are therefore to be taken, on the allegations of the

complaint, as standing in the situation of assignees of the life-tenants.

The two sections of the statute under which the action, so far as it is strictly an action of waste, is claimed to lie, are as follows:

"Sec. 45. If a guardian, tenant by the curtesy, in dower, for life or years, joint tenant, or tenant in common, of real property, commits waste thereon, any person injured by the waste may bring an action against him therefor, in which action there may be judgment for treble damages, forfeiture of the estate of the party offending, and eviction from the property.

"Sec. 46. Judgment of forfeiture and eviction can only be given, in favor of the person entitled to the reversion, against the tenant in possession, where the injury to the estate in reversion is adjudged in the action to be equal to the value of the tenant's estate or unexpired term, or to have been done in malice."

An assignee of an estate for life or for a term of years is a tenant for life or for years. His estate is one for life or years, according to the nature of the interest granted to his assignor. Though there are very few decisions on the question whether the action for waste may be maintained against an assignee of the lessee for life or years, (we have not found any case deciding that it cannot,) it seems to have been considered in England, under the common law as enlarged by the statutes of Gloucester and of Marlbridge, that the action will lie. Thus Coke says, (1 Inst. 54a;) "If tenant for life grant over his estate upon condition, and the grantee doeth waste, and the grantor re-entereth for the condition broken, the action of waste shall be brought against the grantee." See, also, *Sanders* v. *Norwood*, Cro. Eliz. 683; *Ward* v. *Waddington*, Clayt. 126; *Constance Foster's Case*, Goulds. 63; *Greene* v. *Cole*, 2 Saund. 252, and note. So in New York an action on the case in the nature of waste lay against the assignee. *Short* v. *Wilson*, 13 John. 33.

The assignee is as much within the reason for the rule as the lessee before assigning. Succeeding to the entire interest of the lessee, and standing in his estate, he owes the same duty, so far as privity of estate is concerned, to preserve the reversion. He is entitled to the immediate possession; and as to part of the relief to which the re-

versioner may be entitled, to wit, forfeiture of the estate for life or years, and eviction, he is the only one who can be affected by it. His assignor is not interested in it. It is different from a case of underletting.

We are of the opinion that the action will lie, and that the complaint is sufficient.

Order affirmed.