DANIEL H. MOON v. JOHN H. ALLEN.[1]

December 21, 1900.

Nos. 12,319—(160).

Dissolution of Partnership—Assumption of Debts—Receiver.

 In an action by one partner to enforce the payment of an alleged firm liability claimed to have been assumed by the other partner upon dissolution, *held*, that the complaint fails to state facts sufficient to constitute a cause of action, in that the obligation sought to be enforced was not within the terms of the dissolution contract.

Appeal by plaintiff from an order of the district court for Ramsey county, Brill, J., sustaining a demurrer to the complaint. Affirmed.

[1] Reported in 84 N. W. 654.

*Clapp & Macartney,* for appellant.

*Warner & Lawrence,* for respondent.

LEWIS, J.

The complaint in substance alleges: That for several years prior to May 29, 1894, plaintiff and defendant were co-partners under the firm name of Allen, Moon & Co., at St. Paul, and were engaged in general wholesale grocery business; that during that term, by agreement, plaintiff had charge of the credits and collection of accounts; that in the collection and adjustment of doubtful accounts plaintiff frequently took property in his own name for the benefit of the firm, and was frequently appointed receiver or assignee in case of insolvency of the firm's debtors, but in such cases was acting on behalf of the firm, and all moneys, property, and fees received in such proceedings were turned over to the firm, and fully accounted for,—all of which was done with the consent and knowledge of defendant; that in March, 1891, plaintiff was appointed receiver of one James Shea, an insolvent debtor of the firm, and duly qualified as such, giving his bond therein, with sureties, which sureties were indemnified by the firm of Allen, Moon & Co. with the knowledge, consent, and approval of defendant; that thereupon plaintiff, in the discharge of his duties as such receiver, sold the assets of the Shea estate for $2,350, and all the money so received was turned over to the firm, a separate account thereof being kept, and the moneys in reference to such receivership were disbursed through the firm with the knowledge and consent of defendant; that after the sale of the property of the insolvent, and after its confirmation by the court, certain creditors of the insolvent commenced proceedings in the district court of Clay county to set aside such sale upon the ground that it was fraudulent; that a trial was had, resulting in the finding that such sale was fraudulent and void as between plaintiff, as such receiver, and the creditors of the insolvent, and that the value of the property sold by plaintiff was $5,750, and judgment was ordered charging the plaintiff, as such receiver, with said amount, instead of $2,350.

It further appears from the complaint that this decision of the

district court was filed on July 31, 1893; that an application was made by the appellant for a new trial, which was denied, and an appeal was taken to the supreme court on November 2, 1893, and that the supreme court affirmed the decision of the lower court. It is further alleged in the complaint that on May 29, 1894, while such appeal was pending in the supreme court, plaintiff and defendant entered into a contract of dissolution, and that the firm was dissolved on that day. It appears from the contract of dissolution that plaintiff sold all his interest in the firm to defendant, who assumed all of the liabilities of the firm then existing or thereafter to accrue. The complaint further states that plaintiff was acting in good faith as such receiver, was not guilty of any fraud in the conduct of such sale, and that the obligation incurred by him in reference to such receivership, although incurred in the name of this plaintiff, was in fact incurred in connection with the business of collecting the accounts of said firm, and that the obligation imposed upon him by the decision of the court was in fact the obligation of such firm. It is further stated that defendant has been requested to pay the amount of such liability, but that he has refused to pay any part thereof except the sum of $1,627.19, which was the balance remaining in the hands of defendant as the successor of said firm of the moneys turned over to the firm by plaintiff as such receiver.

The action is brought to compel defendant to pay the amount charged by the court to plaintiff as receiver. The complaint was demurred to on the ground that it did not state facts sufficient to constitute a cause of action, and, the court having sustained the demurrer, plaintiff appealed.

The theory of recovery is that defendant assumed the obligation by the terms of the contract of dissolution. That part of the contract material to notice reads as follows:

"Said party of the first part, in consideration of said transfer and dissolution, and as one of the terms thereof, hath agreed to, and he does hereby assume and promise to, pay and discharge all the liabilities of said late firm of Allen, Moon & Co., and said party of the first part, for the consideration aforesaid, hereby covenants, promises, and agrees to and with said party of the second part that he, the said party of the first part, shall and will

save and keep said party of the second part, his heirs and legal representatives, harmless from any and all damage, if any, which shall at any time hereafter accrue to him or them from said liabilities, or any of them, or from any act done or liability incurred for or on behalf of said late firm."

It must appear from the complaint either that the obligation sought to be enforced against defendant was an existing liability at the time of the execution of the contract, or the same must have accrued from such liabilities, or from some act done or liability incurred for or on behalf of such firm. Properly to construe the contract, we must ascertain what the parties to it contemplated and intended at the time of its execution. If we take the contract itself, without reference to anything stated in the complaint, its plain language forbids any reference to liabilities other than those which naturally arise in the ordinary course of the conduct of the wholesale mercantile business. And the claim in question here is not a liability which naturally or ordinarily grows out of such business. Are the allegations of the complaint sufficient to indicate that at the time the contract was executed the parties thereto contemplated and intended that such obligation was embraced within and covered by the terms of the contract?

The only effort made to connect defendant with the receiver's liability is found in the statement that plaintiff frequently acted in the capacity of receiver of the firm's insolvent debtors for the benefit of the firm to defendant's knowledge; that in the Shea receivership defendant had knowledge that the firm had indemnified the sureties, and had disbursed the receivership moneys, and that defendant had executed a bond to procure a stay of proceedings on the appeal to the supreme court. All that is stated with reference to defendant's knowledge of the receivership, including the keeping of that account by the firm and the disbursement of the funds, has reference to matters which were wholly closed and settled at the time of the execution of the dissolution contract. With reference to that fund and account there was no liability then existing. The mere fact that defendant executed a bond in the appeal proceedings does not of itself indicate that defendant

was regarded, either by himself or by plaintiff, as a party interested in the event of the appeal. He may have executed such bond upon request or for a consideration.

The allegations contained in the fifth paragraph of the complaint, to the effect that such liability was incurred in and about the business of Allen, Moon & Co., and that such obligation was an obligation and liability of that firm, are mere conclusions of law. Griggs v. City of St. Paul, 9 Minn. 231 (246). These statements do not constitute a pleading of ultimate facts. Clark v. Chicago, M. & St. P. Ry. Co., 28 Minn. 69, 9 N. W. 75. The statement that an account and lien constituted a valid lien upon the premises was held to be a mere conclusion of law in Price v. Doyle, 34 Minn. 400, 26 N. W. 14. The statements in question are to the same effect. Even if the general result stated could be held to be an ultimate fact, it is controlled by the specific facts upon which the pleader relies. Carlson v. Presbyterian Board of Relief, 67 Minn. 436, 70 N. W. 3.

Again, the decision of the trial court was filed ten months prior to the execution of the contract. The charge made by creditors was of a personal nature, and of unusual character. The liability of the receiver, under such circumstances, was not the natural or ordinary outgrowth of partnership business, and there was no presumption that it was a firm liability. At the time of the execution of the dissolution contract the plaintiff knew that judgment had been ordered against him for the value of the property sold as found by the court, but there is no direct allegation that the defendant knew that fact. In the face of such conditions, it is not reasonable to assume that at the time the parties entered into the contract of dissolution they contemplated and intended that such claim was a liability assumed by defendant. It is far more reasonable to assume that, if such had been the intention, special mention would have been made of it. In order to recover in any event, it must appear that plaintiff was conducting the appeal for and on behalf of the firm, with defendant's knowledge, and with the understanding that such obligation was a firm liability, and that his conduct as receiver was in good faith. The complaint is deficient because it does not appear that the claim

sought to be enforced was an existing liability, or was a liability incurred for or on behalf of the firm.

Order affirmed.

BROWN and LOVELY, JJ. (dissenting).

Although the decision in this case is not in harmony with the law and rules of pleading, as we understand them, we would not formally dissent were it not for the fact that it finally disposes of the case without a trial on the merits, and prevents a full and fair hearing of the controversy. The firm of Allen, Moon & Co. dissolved their co-partnership, the plaintiff selling out to defendant, and retiring from the firm. At the time of the dissolution, and as a part of that transaction, defendant entered into an agreement whereby he bound himself to protect plaintiff from any and all liabilities of the firm, and specially agreed to save and keep plaintiff harmless from any and all damage, if any, which should at any time thereafter accrue to him from such liabilities, "or from any act done or liability incurred for or on behalf of said late firm." The action is founded on this agreement, and is for a liability alleged in the complaint to have been incurred for and on behalf of the said firm.

There does not seem to us to be any real merit in the contention of the majority that the alleged liability is one which was not within the contemplation of the parties at the time of making the contract. The liability had not fully accrued when the contract was made, and no specific reference is made to it; but it seems clear to us that the terms of the contract are broad enough to embrace it. The agreement is in the nature of an indemnity contract, and it was not necessary specifically to mention all possible liabilities intended to be guarded against. The language of the agreement is broad and comprehensive, and is to the effect that defendant will save and keep plaintiff harmless from all damages which shall thereafter accrue from any act done or liability incurred for or on behalf of the co-partnership. The complaint distinctly alleges that the indebtedness and obligation in question "was in truth and in fact incurred in and about the business of collecting the accounts and bills receivable of said Allen, Moon &

Co.,  *  *  *  and the said obligation was and is an obligation
and liability of the firm of Allen, Moon & Co." In addition to
these allegations, the complaint specifies particularly the facts
and proceedings out of which arose the liability, all of which tend
to support the general allegations quoted. The demurrer admits
the truth of these allegations.

The majority say that these allegations are conclusions of
law, and not traversable allegations of fact. We may concede
that the complaint is not as specific as it might have been made,
but this is no ground of demurrer. When defendant demurs
to a complaint, and thereby attempts to end the litigation with-
out a trial of the merits in the usual way, the complaint will be
construed with great liberality. The rule is stated in 6 Enc. Pl. &
Pr. 346, substantially as follows: On demurrer to a complaint
on the ground that it does not state facts sufficient to constitute
a cause of action, the complaint must be liberally construed, and
all its allegations for the purposes of the demurrer taken as true.
And such demurrer can be sustained only where the complaint
presents defects so substantial and fatal as to authorize the court
to say that, taking all the facts to be admitted, they furnish no
cause of action whatever. The complaint must be deemed to
allege that which can be implied from the allegations by fair and
reasonable intendment. See also Wall v. Bulger, 46 Hun, 346;
Marie v. Garrison, 83 N. Y. 14; Milliken v. Western, 110 N. Y. 403,
18 N. E. 251; Morse v. Gilman, 16 Wis. 504. To the same effect,
and that the allegations of the complaint are not mere naked con-
clusions of law, see Clark v. Chicago, M. & St. P. Ry. Co., 28 Minn.
69, 9 N. E. 75; Goetz v. School District, 31 Minn. 164, 17 N. W. 276;
Hoag v. Mendenhall, 19 Minn. 289 (335); Mitchell v. Mitchell, 45
Minn. 50, 47 N. W. 308; Rolseth v. Smith, 38 Minn. 14, 35 N. W.
565; Curtiss v. Livingston, 36 Minn. 380, 31 N. W. 357; Spottswood
v. Herrick, 22 Minn. 548; G. S. 1894, § 5247. What are conclusions
of law and what are conclusions of mixed law and fact are clearly
pointed out in Clark v. Chicago, M. & St. P. Ry. Co., supra. The
demurrer should be overruled, and the cause remanded for trial
on the merits.