[Civil No. 913.    Filed May 28, 1906.]

[86 Pac. 13.]

JOHN W. BOGAN, Administrator of the Estate of Ellen Finley, Deceased, Plaintiff and Appellant, v. ROY & TITCOMB (Incorporated), and CHARLES L. FOWLER, Defendants and Appellees.

1. MECHANIC'S LIEN—ESTATE SUBJECT TO—HADLEY CO. v. CUMMINGS, 7 ARIZ. 258, 64 PAC. 443, FOLLOWED.—A materialman furnishing supplies to an assignee in possession and working a mine under

a contract of purchase is entitled to a lien only as against the estate of the assignee therein although the owner has knowledge and acquiesced in the work for which the supplies were furnished.

APPEAL from a judgment of the District Court of the Second Judicial District in and for the County of Santa Cruz. Eugene A. Tucker, Judge. Reversed and remanded.

The facts are stated in the opinion.

Kingan & Wright, for Appellant.

George K. French, for Appellees.

The Hermosa Mining and Milling Company, in erecting the mill on the property, constructed partly from material from an old mill and partly from materials furnished by the appellee, was acting as the agent of the appellant. This doctrine, that the interest of the vendor in such cases becomes subject to the lien of those furnishing labor and material for the erection of improvements under a contract of sale, is well settled by a great weight of authority. *Colorado Iron Works* v. *Taylor*, 12 Colo. App. 451, 55 Pac. 942; *Shapleigh* v. *Hull*, 21 Colo. 419, 41 Pac. 1108; *Henderson* v. *Connolly*, 123 Ill. 98, 5 Am. St. Rep. 490, 14 N. E. 1; *Davis* v. *Humphrey*, 112 Mass. 309; *Hill* v. *Gill*, 40 Minn. 441, 42 N. W. 294; *Bohn Mfg. Co.* v. *Kountze*, 30 Neb. 719, 46 N. W. 1123, 12 L. R. A. 33; *Moore* v. *Jackson*, 49 Cal. 109; *Paulson* v. *Manske*, 126 Ill. 72, 9 Am. St. Rep. 532, 18 N. E. 275; *O'Leary* v. *Roe*, 45 Mo. App. 567; Boisot on Mechanics' Liens, pars. 300 et seq.; *Hines* v. *Miller*, 122 Cal. 517, 55 Pac. 401. However manifested, the consent of the owner to the erection of the house is sufficient to give persons furnishing labor or materials a mechanic's lien. *Eaman* v. *Bashford*, 4 Ariz. 199, 37 Pac. 24; citing *Husted* v. *Mathes*, 77 N. Y. 388, and *Nellis* v. *Bellinger*, 6 Hun, 560. Such consent may be implied by the acts and declarations of the owner, and such implied consent is operative to the same extent as if he contracted directly for the improvement. *Otis* v. *Dodd*, 90 N. Y. 336; *Ross* v. *Simon*, 30 N. Y. State Reports, 545. Knowledge and approbation of the work by the owner are sufficient to subject his interest in the land to the operation of the lien. *Helwig* v. *Blumenberg*, 28 N. Y. State Reports, 75.

SLOAN, J.—Appellant, John W. Bogan, as administrator of the estate of Ellen Finley, deceased, brought suit in the court below to restrain appellee, Charles L. Fowler, sheriff, from selling the Hermosa mine and Hermosa millsite and the mill building and machinery thereon, situate in Santa Cruz County, under a judgment rendered in said court foreclosing a materialman's lien in the suit of Roy & Titcomb against the Hermosa Mining and Milling Company. The complaint set forth that plaintiff, Bogan, was the duly appointed and acting administrator of the estate of Ellen Finley, deceased; that said estate is the owner of the Hermosa mine and the Hermosa millsite and mill situate thereon, and certain other mining claims all situate in Santa Cruz County, this territory; that the plaintiff, on or about the twenty-fifth day of June, 1903, entered into a contract with Ray Ferguson for the sale of the Hermosa mine and the Hermosa millsite, and the mill thereon situate, wherein it was provided that the purchase price should be twenty-five thousand dollars, payable in installments of five thousand dollars each, and that pending the payment of said purchase price a deed to said property, duly executed, should remain in escrow in the Consolidated National Bank of Tucson; that said Ferguson duly assigned said contract to the Hermosa Mining and Milling Company, a corporation organized under and by virtue of the laws of the territory of Oklahoma; that thereafter plaintiff, by permission of the probate court, extended the dates of the payments as provided in said contract for the period of five months; that the Hermosa Mining and Milling Company, under and by virtue of the assignment to it of said agreement, entered into the possession of said property and did work and labor upon the same; that the company incurred debts in the operation of the mine and mill, and among these was one for the sum of $567.40 due the defendant, Roy & Titcomb; that this indebtedness was incurred on account of materials and fixtures furnished to said company by Roy & Titcomb which were used upon the Hermosa mine and millsite; that the company failed to pay said indebtedness, whereupon Roy & Titcomb filed notice of lien in the office of the county recorder of Santa Cruz County, and thereafter brought suit against the Hermosa Mining and Milling Company to foreclose the same; that judgment was rendered against said company foreclosing said

lien and ordering the sale of said Hermosa mine, millsite and mill building thereon situate, including the machinery therein contained and pertaining thereto; that in this suit the plaintiff was not made a party, either plaintiff or defendant, nor did he have any knowledge thereof. The complaint prayed for an injunction restraining the sheriff from selling the property of the estate under the judgment of foreclosure. The answer put in by the defendant admitted the truth of the complaint except as to the allegation of ownership, which was denied on information and belief.

Upon the trial the contract of purchase entered into between plaintiff and Ferguson and assigned to the Hermosa Mining and Milling Company, was put in evidence. It contained a stipulation to the effect that twenty per cent of the net bullion or smelter returns was to be applied to the purchase price, but by whom to be paid or from what source they were to be received the contract did not specify. It also contained a stipulation to the effect that the purchaser, under the contract, should work or develop the property, and a failure to do work on the property for a period of ninety days should work a forfeiture of the agreement. One Neil McDonald testified that he was acquainted with the property during the time the Hermosa Mining and Milling Company had possession; that the company tore down the old mill that was on the millsite, and built a new one thereon; taking all the machinery from the old mill and reinstating it in the new; that a part of the material that went into the new mill was added by the company. The plaintiff testified that the change in the mill was made by the Hermosa Mining and Milling Company with his permission and knowledge.

Upon the pleadings and the testimony, the substance of which we have stated, the court found, among other things, as follows: "The court finds as a matter of fact, that the Hermosa Mining and Milling Company were virtually authorized and empowered by plaintiff to purchase the material and repair, construct, and erect the mill. That the property was improved and materially increased in value on account of the purchase of said material. That plaintiff and the property of plaintiff were materially benefited by the action of the Hermosa Mining and Milling Company in purchasing said material and improving said property. That in justice, and

right, and a good conscience they ought to pay for the same. That the Hermosa Mining and Milling Company acted under the advice, consent, and virtually under instructions of plaintiff in purchasing said material. That plaintiff knew said material was being purchased, that said mill was being erected, and concurred in the action of said Hermosa Mining and Milling Company in the purchase of said material, and ratified and indorsed the actions of their agent." The court entered a decree restraining the sale of the mine and millsite, but permitting the sale of the mill and machinery. From this judgment Bogan has appealed.

The finding above set forth has been attacked by the appellant upon the ground that it is not supported by the evidence. Without question the finding goes further than is warranted by the pleadings or the testimony adduced at the trial. There was no evidence that the Hermosa Mining and Milling Company was authorized or empowered by plaintiff to purchase any material whatever, nor was there any testimony that the property had been improved or materially increased in value on account of such material, or that the property was benefited or improved thereby, nor does the evidence show that the Hermosa Mining and Milling Company, in purchasing material, acted under the advice or instructions of plaintiff. At best the testimony only sustains the finding as to the consent of plaintiff that the Hermosa Mining and Milling Company might repair and reconstruct the mill and that the plaintiff knew that this work was being done by the company at the time.

Inasmuch as the court allowed the judgment in the case of Roy & Titcomb against the Hermosa Mining and Milling Company to be carried into effect in part by dissolving the temporary restraining order forbidding the sale of the property mentioned under it, in so far as it pertained to the machinery and the mill, the question is presented as to whether, under the facts, the plaintiff was entitled to the relief sought. Not having been made a party to the suit of Roy & Titcomb against the Hermosa Mining and Milling Company, the plaintiff is not bound by the judgment in that case, and as the estate is the owner of the property the plaintiff had a right to an injunction restraining the sale, unless in fact the lien was good and valid against the property of

the estate. Assuming that one may obtain a valid lien against the property of an estate under a contract made with the administrator, a point we do not decide, and applying the same principles ordinarily applicable as between the owner of property and his lessee, no fact appears which warrants the conclusion of law made by the trial court, that any of the property of the estate was bound by the lien filed by Roy & Titcomb. The case of *Gates* v. *Fredericks*, 5 Ariz. 343, 52 Pac. 1118, holds that parties furnishing material or doing labor for a leaseholder have a lien against the particular estate of the leaseholder but not against the property of the lessor, unless it be shown that the lessee, in purchasing the material, acted as the agent of the lessor.

In the case of *Hadley Co.* v. *Cummings*, 7 Ariz. 258, 64 Pac. 443, the doctrine announced in *Gates* v. *Fredericks, supra,* was reaffirmed, and we there held that the lessee of a mining claim, with an option to purchase, who works the mine under an agreement permitting him so to do on the condition that all bullion or amalgam derived from such work should be deposited in a bank as collateral security for the payment of the purchase price, does not become the agent of the lessor so as to bind the property of the latter for labor performed upon said mine at the instance of the lessee. We did not there decide, nor do we here hold, that parties furnishing material or labor at the instance of the lessee may not, under some circumstances, have a lien binding against the lessor. To entitle such parties to a lien, however, the facts must be such, as was said in the Hadley case, to constitute the lessee an agent either "in fact or in law" of the lessor. Mere knowledge on the part of the lessor that the lessee is working the property, or even permission, or an agreement on the part of the lessor that the lessee may work the property, will not constitute the latter the agent of the former. As we have seen, the proof in this case went no further than to establish knowledge on the part of Bogan that the Hermosa Mining and Milling Company was remodeling the old mill on the property and acquiescence in this on his part. Clearly, therefore, under the rule as laid down in the Hadley case, Roy & Titcomb had a right to a lien as against the interest of the Hermosa Mining and Milling Company, but not against the property of the estate.

Neither the findings of the court nor the judgment are supported by the evidence, and as the latter showed an undoubted right on the part of the plaintiff to the full relief prayed for in his complaint, the judgment must be reversed and the cause remanded to the district court with instructions to enter its judgment in conformity with this opinion.

KENT, C. J., DOAN, J., CAMPBELL, J., and NAVE, J., concur.