A. MARKS, *Appellee,* v. C. G. CHUMOS, *Appellant.*

No. 16,415.

SYLLABUS BY THE COURT.

1. STATUTE OF FRAUDS—*Lease for More than a Year Signed by One Partner Only—Obligation of the Firm.* Where one of two partners enters into a contract in writing for the lease of a building for a term of three years, for the benefit of the firm, although the contract is made only in the name of one, and is signed by him as the lessee and by the lessor, and the partners thereafter enter into the possession of the leased property and occupy it for a time, the lease is the written contract of the partner who did not sign the same as well as of the partner who did sign it.

2. ——— *Lease for More than a Year—Oral Assignment by Lessee—Oral Agreement by Assignee to Comply with Terms.* Where a contract of lease for a term of three years is executed by one person as lessee and by the lessor, and the lessee takes possession of the property and occupies it for a time under the terms of the lease, and thereafter sells all his stock of merchandise in the building leased and all his rights under the lease to a third person, by oral agreement only, and such third person enters into the possession of the property and occupies it for a considerable time and orally agrees with the lessor to comply with all the terms of the lease, and for several months pays the rent in accordance with the terms of the lease, the lease becomes the written contract of such third person.

Appeal from Douglas district court; CHARLES A. SMART, judge. Opinion filed June 11, 1910. Affirmed.

*Edward T. Riling,* and *J. S. Ensminger,* for the appellant.

*Ord Clingman,* for the appellee.

The opinion of the court was delivered by

SMITH, J.: The appellee brought suit in the district court of Douglas county against the appellant and one Limperakis. In his first cause of action he claims damages for the nonperformance of a contract of lease in the sum of $480. In his second cause of action he claims damages for injuries to the leased building in the sum of $200. Upon his first cause of action the plaintiff recovered judgment against both of the defendants in the sum of $280, and upon the second cause of action he recovered judgment against the appellant only for the sum of $120. Chumos alone appealed, and Limperakis is not made a party in this court.

It is apparent that the rights of Limperakis might be affected by a decision in this case, and technically the motion of the appellee to dismiss might properly be sustained, but we have reviewed the entire case and prefer to decide it upon its merits.

The first contention of the appellant is that the court erred in admitting evidence upon the question of his alleged copartnership with Limperakis, and also evidence tending to show that he bought the stock of goods in the building from Limperakis and orally agreed to carry out the terms of the lease; also that the court erred in admitting evidence of conversations between Chumos and the lessor tending to show that Chumos orally agreed to assume the contract of lease and to carry out its provisions, although no written assignment thereof had been made. We have examined the evidence on these points and think it was competent for the purpose for which it was introduced, and find no error in its admission.

The appellant also contends that the lease, not having been signed by him and not having been assigned in writing to him, is void as between him and the lessor, under the statute of frauds and perjuries (Gen. Stat. 1868, ch. 43, § 5; Gen. Stat. 1909, § 3837), and that his oral agreement to assume the obligations of Limperakis is void under section 3838 of the General Statutes of 1909 (Laws 1905, ch. 266, § 1)..

There was evidence tending to show that Chumos and Limperakis were copartners in the business to be carried on in the leased premises, that the lease was made in the interest of, and for the benefit of, the copartnership, and that the copartnership accepted the lease and occupied the premises under it for a time. Authorities are abundant that if one partner had purchased the property and taken a deed thereto in his own name, under like circumstances, the real estate would have become the property of the copartners, and that the partner taking the legal title would hold the same in trust for the benefit of himself and his copartner, and the copartner could assert his interest in the property, although he had no written conveyance thereof. The principle applies to this case, and the lease of the copartner became the lease of Chumos, for whose benefit it was in part made.

Even if there was no copartnership between Chumos and Limperakis, if Limperakis rented and occupied the premises on his own account, and with the knowledge and consent of the lessor sold and assigned his unexpired term to Chumos, and Chumos received the written lease, entered into the possession of the premises thereunder, and paid rent in accordance with the terms of the lease for months, the lease became a contract in writing between the landlord and Chumos for the unexpired term. (See *Barahyte v. Real-estate Co.*, 66 Kan. 390, and cases there cited.)

It is also contended that the judgment upon each cause of action is for a larger amount than the evidence

justified.  The judgment in each instance is for a smaller amount than is claimed in the petition.  And there is evidence sustaining the amount of the judgment as to each cause of action.

The judgment is affirmed.