(December 14, 1912.)

## D. J. McGILVERY, Appellant, v. McGILVERY & SEELEY, LTD., Respondents.

[128 Pac. 978.]

Partnership—Incoming Partner—Liability—Lease—Covenant—Default.

(Syllabus by the court.)

1. Where a sale is made of an interest in a partnership to a stranger, and it is provided in the contract of sale that the new partner who purchases an interest in the partnership makes such purchase upon the books and inventory of the assets and liabilities of said business, and such books and inventory are furnished to the purchaser by the partnership in which the purchaser is buying an interest, and such books and inventory show the debts and liabilities of the copartnership and the interest the purchaser is buying, such contract completes the things in respect to which the contract is made, and does not include other debts.

2. Where a contract is made for the sale of an interest in a copartnership, which shows the debts and liabilities of the copartnership and the interest the purchaser is buying, and shows the matters concerning which the parties propose to contract, and not

matters unknown to them, other debts and liabilities not known to the purchaser and not described are not obligations for which the purchaser is liable.

3. Where one partner who is a member of a copartnership knows more about the state of the partnership accounts than another, and a stranger is purchasing an interest in such copartnership, and such partner conceals what he knows about the liabilities of the copartnership in which the incoming purchaser is purchasing, and an agreement is entered into with the purchaser by one of the copartnership selling his interest to the purchaser, which is known to the partner at the time, and the purchaser agrees to purchase said interest upon the books and inventory of the assets and liabilities of said business, and such books and inventory are furnished to the purchaser by the partnership in which the purchaser is buying an interest, such purchaser is not liable for other liabilities or obligations not embraced in the contract which were known and not divulged to the purchaser.

4. Evidence in this case examined, and *held* sufficient to support the findings and judgment of the trial court.

APPEAL from the District Court of the Second Judicial District for Nez Perce County.   Hon. Edgar C. Steele, Judge.

Action to recover a judgment for debt.   Judgment for respondent.   *Affirmed.*

Geo. W. Tannahill, for Appellant.

Under the peculiar conditions of the lease and of the obligation, it is not a current bill or an ordinary obligation of the firm.   On this account the general authorities on the question of a partnership and the liability of a retiring partner will be of little assistance to the court.   It also appears that the lease was kept in the safe with the insurance policies and other similar documents, was at no time concealed from any of the incoming or retiring partners, and they could have obtained the information concerning the lease had they taken the trouble to examine the same.

The various incoming partners purchased their interests from the various retiring partners, agreeing to collect all of the obligations and assume and pay off all of the liabilities, and it is immaterial whether each retiring partner knew

of this previous liability or not. It was a liability of the partnership, just the same as the various bills due the firm were an asset of the partnership, and it went with each retiring partner; each partner assumed and agreed to pay off and discharge all of the liabilities. (*Marks v. Chumas*, 82 Kan. 562, 109 Pac. 397; *Olmstead v. Dauphiny*, 104 Cal. 635, 38 Pac. 505; *Bessemer Sav. Bank v. Rosenbaum Grocery Co.*, 137 Ala. 530, 34 So. 609; *Cobb v. Benedict*, 27 Colo. 342, 62 Pac. 222; *Heller v. Heller*, 21 Ky. Law Rep. 1387, 55 S. W. 433; *Fellerman v. Goldberg*, 28 Misc. 235, 58 N. Y. Supp. 1113; *Freeman v. Hutting Sash & Door Co.* (Tex. Civ. App.) 135 S. W. 740; *Gillen v. Peters*, 39 Kan. 489, 18 Pac. 613; *Bunton v. Dunn*, 54 Me. 152; *Morgan v. Wordell*, 178 Mass. 350, 59 N. E. 1037, 55 L. R. A. 33; *Alexander v. McPeck*, 189 Mass. 34, 75 N. E. 88.)

"In general, whatever might be the technical effect of the contract, if, in substance, it amounts to an agreement by the incoming partner to share in the debts due from the firm, he would be held accordingly." (Parsons on Contracts, p. 435; *Gage v. Lewis*, 68 Ill. 604.)

After a *prima facie* case as to partnership is made, the admissions and conduct of the several partners in the course of the partnership business are admissible against the others. (*Dennis v. Kolm*, 131 Cal. 91, 63 Pac. 141; *Summerville v. Penn Drilling Co.*, 119 Ill. App. 152; *Waller v. Davis*, 59 Iowa, 103, 12 N. W. 798; *Flour City Nat. Bank v. Widener*, 167 N. Y. 276, 57 N. E. 471; *Houck v. Kelsey*, 17 Kan. 333.)

Eugene A. Cox, for Respondent.

Partners and incoming and retiring partners do not deal at arms'-length. The relation is necessarily one of mutual trust and confidence, and this is accentuated where one partner, by reason of his relation to the business, is more conversant with the facts than the other. (30 Cyc. 438; George on Partnership, p. 160; 1 Rapalje's Lindley on Partnership, c. 2, 303, p. 510; Mechem's Elements of Partnership, p. 84,

sec. 112, p. 146, secs. 219, 220; *Bloom v. Lofgren,* 64 Minn. 1, 65 N. W. 960; *Caldwell v. Davis,* 10 Colo. 481, 15 Pac. 696, 3 Am. St. 599.)

Where a sale is made upon the basis of the books, and upon that showing the purchasers agree to assume all liabilities, the language of the contract is limited, as between the parties, by the obvious understanding of the parties that the liabilities disclosed are all the debts. (*Case v. Cushman,* 3 Watts & S. (Pa.) 544, 39 Am. Dec. 47.)

An agreement to assume all obligations upon the purchase of a going business will not be construed to include unusual and extraordinary liabilities not usually an incident of such a business, unless such liabilities were specifically called to the attention of the purchaser. (*Moon v. Allen,* 82 Minn. 89, 84 N. W. 654; *Dorwin v. Laughlin,* 117 Wis. 617, 94 N. W. 641; *Dunham v. Johnson,* 85 Minn. 268, 88 N. W. 737.)

Except where there is special legislation like our bulk sales law, the liability of persons purchasing a business is limited strictly by contract. (*Bank of Commerce v. Ada County Abstract Co.,* 11 Ida. 756, 85 Pac. 919.)

If in transactions between partners and retiring and incoming partners there is any element of concealment or the withholding of facts, the liability of the partners will be strictly limited by that fact. (*Richards v. Fraser,* 122 Cal. 456, 55 Pac. 246, and cases cited.)

STEWART, C. J.—This action was brought by the appellant against the respondent for the purpose of recovering a sum of money paid by the appellant upon a judgment rendered against appellant by a lessor upon a written lease, wherein it is claimed that the respondent, as assignee of the lessee, assumed the liability under said lease. The cause was tried to the court and findings of fact, conclusions of law and judgment rendered in favor of the respondent. A motion for a new trial was made and overruled. This appeal is from the judgment and from the order overruling the motion for a new trial.

The sole question presented to this court is upon the evidence: Does it support the findings and judgment of the trial court?

The facts are about as follows: The appellant, D. J. McGilvery, was engaged in the furniture business in Lewiston, Idaho, during the years from 1897 to 1906. During this time he had successively as partners in said business, Aune, Culver, Willis, Boston, Beach, Givens and Seeley. These various partners were generally engaged in other professions, and McGilvery, the appellant, was practically the sole manager, and conducted the business of the copartnership and made all contracts with reference to the tenancy of the business premises occupied by the respective copartnerships. The first lease was made in 1900 by McGilvery and Boston; in 1903 Boston sold his interest in the business to William Thompson, and the firm of McGilvery & Thompson occupied the premises under the lease, and were bound by the provisions of the lease. The lease expired in June, 1905. McGilvery contended that no demand for the restoration of the premises was made before the termination of the lease, and that at its expiration a new oral lease was made for a year. In June, 1906, Thompson sold his interest in the business to Beach. Beach was advised that the premises were occupied on a year's oral lease. A few days afterward Beach sold his interest to Givens. Both Beach and Givens seem not to have been advised, or known, of the existence of the old lease, or any demands or liability arising therefrom. At the time each of said members purchased an interest as a partner with McGilvery they seemed to have made such purchase upon an inventory of the stock and a verified list of creditors. After Givens became a member of the partnership, the firm of McGilvery & Givens decided to remove their place of business to a new location in another block in said city of Lewiston, and the old premises occupied by McGilvery & Givens and owned by Binnard were relet to Granlich & Ledson, and the removal was made to the new location in May, 1906. On June 30, 1906, Seeley succeeded by purchase to the half interest owned by Givens in the partnership of McGilvery &

Givens. This purchase was made on inventory and a verified list of creditors, and after such purchase it was agreed that the business should be conducted as a corporation, and in about thirty days a corporation was formed, and the business transferred to the respondent, McGilvery & Seeley, Ltd., a corporation, and the two copartners each took one-half of the stock, and they were made directors. At that time the liability sued upon in this action was not made known or in any way disclosed to the partners who formed the corporation, and no deduction was made in the transfer or account taken of the alleged claim sued upon in this action; and upon the representation that the liabilities disclosed were all the liabilities, the defendant company signed an agreement assuming all the liabilities of the preceding copartnerships of McGilvery & Seeley and McGilvery & Givens.

Soon after the transfer was made to the corporation, Seeley was told that Binnard was pursuing McGilvery for the payment of the claim involved in this case, and inquired of McGilvery what the matter was, and whether it affected Seeley's interest, and was advised that the matter was no concern of his, and would not affect him, and that he would be protected by McGilvery. In March, 1909, Seeley purchased McGilvery's entire stock in the corporation upon a basis of an inventory of assets and liabilities. At that time no deduction was made on account of Binnard's claim, and nothing was said whatever about there being such claim, and Seeley was in no way advised that there ever had been any such claim. This was some three years after Seeley was assured that this matter was no concern of his. The books of the copartnership and the books of the corporation, as shown by the record, do not disclose this claim as a debt of the copartnership or the corporation, or that there was a liability of such a kind existing against the corporation or its predecessors in interest.

The court found in accordance with the facts stated above. In finding No. 8 the court found that Thompson sold his half interest in the business to R. C. Beach by written instrument; that Beach purchased upon the books and inventory

of the assets and liabilities of said business, and that such records did not disclose any liability whatsoever under the terms or by reason of the covenants of the expired lease.

Finding No. 9 is that Givens purchased upon the books and an inventory furnished to him by plaintiff, and that he inquired of plaintiff as to the debts and liabilities of the copartnership, and the interest in which he was buying; that the books and other records submitted to him did not disclose the existence of the lease above referred to, or any liability that was or could be claimed thereunder; that Givens, as a part of the consideration for the sale to him of a half interest in the business, agreed at the time of the purchase that the new partnership of McGilvery & Givens should assume and pay the merchandise account and other debts disclosed by the books and inventory at the time of the purchase, and did not assume or agree to pay any demand or liability whatsoever arising out of the lease.

Finding No. 11 is that Seeley purchased such half interest after careful inquiry as to the debts and liabilities of the copartnership of McGilvery & Givens and upon inventory furnished by plaintiff, and upon an affidavit setting out the liabilities of the copartnership made by Givens upon information furnished him by the plaintiff, and that the inventory, books and affidavit did not disclose the existence of the old lease nor any liability on account thereof.

Finding 12 is, that at the time of the conveyance of McGilvery & Seeley to the corporation a contract was entered into between McGilvery & Seeley and the corporation which recites: "That as part of the consideration, the corporation assumed the debts of the copartnerships of McGilvery & Seeley and McGilvery & Givens; that Seeley had paid about $9,000.00 for a half interest in the copartnership assets, and that these assets were turned over to the corporation in consideration of fully paid stock of the par value of $40,000; that at the time when the business was transferred to the corporation, none of its stockholders or officers knew of the existence of any alleged liability of the copartnership of McGilvery & Seeley, or McGilvery & Beach, growing out of the

lease, or that any demands had been made with respect to the same, except plaintiff.''

The court also found that Seeley afterward purchased the capital stock held by McGilvery in the corporation, and a written agreement was made which provided that such purchase was made upon a valuation based upon an inventory of the assets and liabilities stated by plaintiff and Seeley, and that such inventory did not disclose any liability growing out of the old lease.

Upon the foregoing findings of fact the trial court concluded, as a matter of law, that plaintiff is not entitled to recover anything of the defendant in the action, and that it should be dismissed.

Before a general discussion is entered into as to the evidence, it is well to consider briefly the law applicable to the facts of this case.

Counsel for appellant refer to a number of cases which bear upon the liability of an incoming partner to creditors of the outgoing partnership. Upon this question it may be observed that the relation of an incoming partner to creditors of the outgoing partnership is governed by a different rule and principle from the liability of partners to each other. There are many cases cited by appellant as to the liability which arises out of a transaction whereby a stranger comes into a firm by purchasing the interest of a partner, and the assumption of all obligations of the existing business is admitted by the terms of the contract. We shall not enter into a discussion of the cases dealing with the liability where such facts are shown, for the reason that such rule does not apply to the facts of this case.

When this case was commenced it was brought to recover upon a judgment recovered by Anna Binnard against McGilvery & Boston, and satisfied by McGilvery. Of course that judgment binds the plaintiff and the parties named as defendants in that action, and is conclusive as to all matters of law and fact essential to support the judgment in that case. The plaintiff in that case was successful, and recovered a judgment against McGilvery & Boston for the sum

of $1,000, besides costs, and it was based upon a default upon the part of McGilvery & Boston of the provisions of a lease made between McGilvery & Boston and Rachel Binnard, as administratrix of the estate of Abraham Binnard, as follows:

"Said second party also covenants that they will, on the expiration of this lease, restore said upper story to the condition in which it was before any alterations made by them, if such restoration be requested by said first party, at the expense of said second party."

Thereafter, as shown by the evidence, the interest in the partnership of McGilvery & Boston, who occupied the building covered by the lease, was superseded by other partners coming into the partnership and succeeding the partnership which made the foregoing lease, and as shown such succession passed through the following partnerships: McGilvery & Thompson, McGilvery & Beach, McGilvery & Givens, McGilvery & Seeley, until finally the respondent corporation became the owner, and against whom this action was brought.

As a proposition of law the appellant contends that the rule of law governing the liability of succeeding partners is substantially as follows: That where a contract of lease for a term of years is executed by one person as lessee and by the lessor, and the lessee takes possession of the property and occupies it for a time under the terms of the lease, and thereafter sells all his stock of merchandise in the building leased and all his rights under the lease to a third person by oral agreement only, and such third person enters into the possession of the property and occupies it for a considerable time, and orally agrees with the lessor to comply with all the terms of the lease, and for several months pays the rent in accordance with the terms of the lease, the lease becomes the written contract of such third person. The foregoing rule is announced in *Marks v. Chumas*, 82 Kan. 562, 109 Pac. 397. This general doctrine is also supported by the following authorities: *Cobb v. Benedict*, 27 Colo. 342, 62 Pac. 222; *Heller v. Heller*, 21 Ky. Law Rep. 1387, 55 S. W. 433; *Freeman v. Hutting etc. Co.* (Tex. Civ. App.), 135 S. W. 740; *Bogan v.*

*Roy,* 10 Ariz. 237, 86 Pac. 13; *Morgan v. Wordell,* 178 Mass. 350, 59 N. E. 1037, 55 L. R. A. 33.

An examination of these authorities shows very clearly that the rule laid down in those cases was applied to facts which are not proven in the present case. Most of these cases relate to the liability of a person who becomes a member of a copartnership by purchasing an interest in the partnership from another partner, and in the contract of purchase assumed to pay the liabilities of the firm; or where the new partner purchasing an interest in a partnership promises to fulfill and carry out certain contracts made by the copartnership prior to purchase, or specifically promises to pay or discharge or become responsible for all debts, whether mentioned or otherwise, of the copartnership in which the partner became interested by reason of purchasing the interest of one of the partners. In the present case, however, there is no evidence showing that Thompson, Beach, Seeley or McGilvery & Seeley, Ltd., corporation ever assumed or agreed to pay the debt in controversy in this case, or ever knew anything about this debt, or that such subject was ever mentioned or called to the attention of such partners, or in any way appeared on the books of McGilvery & Givens or the McGilvery & Seeley, Ltd., corporation. And the court has found that Thompson sold his half interest in the business to Beach by written instrument; that Beach purchased upon the books and inventory of the assets and liabilities of said business; that such records did not disclose any liability whatsoever under the terms or by reason of the covenants of the lease. This same finding is also made as to Givens and also Seeley, and also the corporation of McGilvery & Seeley, Ltd., the respondent. If these findings are supported by the evidence, it is apparent the authorities cited by appellant have no application to the facts in this case, and a different rule of law applies in the present case.

The rule governing the facts as found by the trial court is announced in George on Partnership, pp. 160, 161, as follows:

"Thus, if one partner knows more about a state of the partnership accounts than another, and, concealing what he knows, enters into an agreement with that other relative to some matter as to which a knowledge of the state of accounts is material, such agreement will not be allowed to stand.

"This obligation to perfect fairness and good faith is not confined to persons who actually are partners. It extends to persons negotiating for a partnership, but between whom no partnership as yet exists; and also to persons who have dissolved partnership, but who have not completely wound up and settled the partnership affairs; and most especially is good faith required to be observed when one partner is endeavoring to get rid of another, or to buy him out." This rule is also followed in Lindley on Partnership, vol. 1, chap. 2, pp. 303, 510.

The supreme court of Minnesota, in *Bloom v. Lofgren,* 64 Minn. 1, 65 N. W. 960, holds: "In dealing with each other, partners occupy positions of trust, and are required to exercise the most scrupulous good faith toward each other. Nor is this requirement confined to persons who are actually copartners, but it extends to those negotiating for a partnership not yet formed."

Where a sale is made, as in this case, and it is provided in the contract of sale that the new partner who purchases an interest in the partnership makes such purchase upon the books and inventory of the assets and liabilities of said business, and such books and inventory are furnished to the purchaser by the partnership in which the purchaser is buying an interest, and shows the debts and liabilities of the copartnership, and the interest the purchaser is buying, such contract completes the things in respect to which the contract is made, and does not include other debts.

In the case of *Case v. Cushman,* 3 Watts & S. (Pa.) 544, 39 Am. Dec. 47, the supreme court of Pennsylvania quotes with approval from Pothier's Rules of Interpretation, as follows: "However general the terms may be in which an agreement is conceived, it only comprehends those things in respect to which it appears that the contracting parties proposed

to contract, and not others that they never thought of." And in discussing the proper rule, says: "The books of a firm are the register of its transactions, and they are supposed to exhibit a complete statement of its business and liabilities, insomuch that a person who had resorted to them to discover the amount of its debts would seek no further. In settling the terms of the agreement, then, what was the course of the plaintiff's duty? Doubtless to inform the defendant of this debt, as one he was expected to pay. . . . . The plaintiff's silence had an obvious tendency to produce misconception; and he whose act caused the loss which was consequent on it must bear it, though both parties were free from intentional error."

The supreme court of Minnesota, in the case of *Moon v. Allen,* 82 Minn. 89, 84 N. W. 654, had under consideration a case where the facts are similar in some respects to the one now under consideration, and said: "To properly construe the contract, we must ascertain what the parties to it contemplated and intended at the time of its execution. If we take the contract itself, without reference to anything stated in the complaint, its plain language forbids any reference to liabilities other than those which naturally arise in the ordinary course of the conduct of the wholesale business. And the claim in question here is not a liability which naturally or ordinarily grows out of such business."

The evidence in this case, and likewise the findings of the court, show very clearly that the appellant is seeking to recover in this action for a breach of covenant in a lease executed between the appellant and another person in partnership with him, as lessees, in the rental of premises occupied by them, and where such partnership carried on its business, which was executed six years before the defendant corporation was organized, and which expired at the end of three years from its execution, and which embraced premises with which the defendant in this case never at any time had any connection whatever, and the terms and conditions of which were not assumed by the respondent, and of which the respondent never had any knowledge.

If the facts are true as found by the trial court and as shown by the evidence, it was the duty of the appellant, as a member of the different copartnerships, to inform the incoming copartner in the different copartnerships that were formed of which appellant was a partner, of the liabilities of the copartnership, and the liability under the lease. It must be conceded in this case that the appellant concealed this information, when it was his duty to divulge and not withhold it, and such failure upon his part in withholding such information was equivalent to a false representation operating at the time of the purchase, and he should not now be allowed to take advantage of such concealment in this action.

While there is a conflict in the evidence, such evidence, when considered in connection with the intention of the parties, clearly supports the findings and judgment of the trial court. The judgment is *affirmed*. Costs awarded to respondent.

Sullivan, J., concurs.