[Civil No. 608.   Filed April 16, 1898.]
[52 Pac. 1118.]

J. E. GATES, Plaintiff and Appellant, v. R. H. FREDER-ICKS et al., Defendants and Appellees.

1. MECHANICS' LIENS—PRINCIPAL AND AGENT—EVIDENCE OF AGENCY—EXCEPTIONS—REV. STATS. ARIZ. 1887, PARS. 2258 ET SEQ. AND PAR. 2260, CITED AND CONSTRUED.—Agency in the matter of a contract for material and labor so as to bind the premises upon which it is placed under the Mechanic's Lien Act (par. 2258 et seq., *supra*) must be shown to exist as is required in other cases of agency, with the modification, however, which the statute (par. 2280, *supra*) makes,— to wit, that contractors, subcontractors, architects, and builders shall be the agents of the particular people for whom they act; and that the persons who have the charge or control of mines, mining claims, canals, etc., shall be regarded as the agents of the owners in and about the particular premises.

2. SAME—LANDLORD AND TENANT—PRINCIPAL AND AGENT—LESSEE NOT AGENT FOR LESSOR SO AS TO BIND LESSOR'S ESTATE FOR REPAIRS ORDERED BY LESSEE.—There is no statute nor principle of law which makes a leaseholder the agent of his lessor to hold the lessor or his estate in the property responsible under the Mechanic's Lien Act for material or labor furnished the leaseholder.

3. SAME—SAME—SAME—EVIDENCE OF AGENCY—INSUFFICIENT TO BIND LESSOR'S ESTATE.—Where lessees of a building spoke to appellant,

a contractor, about some proposed repairs thereon, and said that they intended to speak to the owners of the building about it, and that afterwards said lessees told him he might go ahead and have the work done; that the lessors had said that the lessees would be allowed credit on their rent, such facts are insufficient to constitute the lessees agents of the lessor for the purpose of binding the lessor's estate for such repairs under the Mechanic's Lien Act, particularly where the owners testify that they had never authorized the lessees to have the work done.

4. SAME—SAME—LABOR ON PERSONAL PROPERTY OF LESSEES NOT CHARGE-ABLE AGAINST ESTATE OF LESSOR—REV. STATS. ARIZ. 1887, PAR. 2258, CITED AND CONSTRUED.—Work done by a contractor upon a bar, back bar, and screen which are the personal property of the lessees of a building cannot be charged against the real estate or the estate of the lessor in the property, under paragraph 2258, *supra,* which provides that any person who may labor or furnish material to erect any house or improvement or to alter or repair any building or improvement whatever shall have a lien on such house, building, fixtures, or improvement, and shall also have a lien on the lot or lots of land necessarily connected therewith to secure the payment therefor.

APPEAL from a judgment of the District Court of the Fourth Judicial District in and for the County of Yavapai. John J. Hawkins, Judge. Affirmed.

The facts are stated in the opinion.

T. W. Johnston, for Appellant.

The following authorities are cited on the proposition that appellant is entitled to a lien on this property: *Eaman* v. *Bashford,* 4 Ariz. 199, 37 Pac. 25; *Collins* v. *Cowan,* 52 Wis. 634; *Hill* v. *Gill,* 40 Minn. 441, 42 N. W. 294; *Paulsen* v. *Menske,* 126 Ill. 72, 18 N. E. 275; *Cady* v. *Case,* 11 Wash. 124, 39 Pac. 375; *Kremer* v. *Walton,* 11 Wash. 120, 39 Pac. 374; *Reilly* v. *Stephenson,* 62 Mich. 509; *Church* v. *Garrison,* 75 Cal. 199, 16 Pac. 885; *Moore* v. *Jackson,* 49 Cal. 109; *Otis* v. *Dodd,* 90 N. Y. 336.

Herndon & Norris, for Appellees.

The case of *Johnson* v. *Dewey,* 36 Cal. 623, is very strong against the position taken by appellant. In that case S. was the tenant of D., and desired, for his own benefit, that the house should be raised and improved, and was willing to

pay the cost, provided D. would consent and extend his lease
for six years and advance him three thousand dollars, in con-
sideration of which advance S. would pay fifty dollars per
month more rent than he was paying. D. assented, and S.
proceeded to raise the house. Johnson put in the lowest bid
and obtained the contract. The court held that the lien which
plaintiffs acquired, if any, was not upon the interest of D.,
the owner, but upon the interest of S., the lessee. The con-
tractor acquired no right of action against the owner nor any
lien upon his interest in the property. See, also, *Hayes* v.
*Fessenden,* 106 Mass. 228.

STREET, C. J.—R. N. Fredericks, A. J. Herndon, and
Jane Jackson are the owners of lot 24 in block No. 13 in the
city of Prescott, Arizona, on which is situated a building used
for business purposes. William Mehan and John Coyle en-
gaged in business in said city in 1895 under the firm name and
style of Mehan & Coyle, and conducted a saloon on said prem-
ises under a lease which they held from the owners. On the
first day of November, 1895, Mehan & Coyle leased said prem-
ises from the appellees for the term of two years, paying a
monthly rental of ninety dollars per month, and went into
possession of the premises. They employed the plaintiff
Gates, to fix up for them in the building a bar and back bar
and screen, and afterwards they had some work done on the
building itself in fixing the roof, and strengthening the floor,
and putting on baseboards. The contract price for the bar
and back bar was $210, and the whole amount of work done
by plaintiff for Mehan & Coyle amounted to $324.14. The bar,
back bar, and screen were no part of the building. After ap-
pellant had completed all the work he undertook to perfect a
mechanic's lien upon the building and lot, and, to accomplish
that purpose, filed in the recorder's office of Yavapai County
his itemized and attested account under paragraph 2258 of
the Revised Statutes of Arizona, which showed a balance due
of $197.64, and brought this action in the district court against
these appellees to foreclose the lien, seeking to hold their prop-
erty for the payment of that amount. William Mehan and
John Coyle were joined in the action as co-defendants with
these appellees. On the twenty-first day of December, 1896,
judgment was rendered in said district court against Mehan

& Coyle for the sum of $197.64, with interest and costs; and it was further ordered, adjudged, and decreed by the court that plaintiff do not have a mechanic's lien for the amount above found to be due him, or for any other sum, upon the premises described in his complaint, being the property of the defendants Fredericks, Herndon, and Jackson, and that defendants be dismissed, with the costs by them expended. From the judgment and decree dismissing appellees the appellant brought this appeal.

The question for this court to determine is whether under the evidence the court erred in its judgment that the plaintiff had no lien against the property of the owners. Paragraph 2258 of the Revised Statutes of Arizona is as follows, to wit: "That any person or firm, lumber dealer, artisan or mechanic who may labor or furnish material, machinery, fixtures or tools to erect any house or improvement, or to alter or repair any building or improvement whatever, shall have a lien on such house, building, fixtures or improvements, and shall also have a lien on the lot or lots of land necessarily connected therewith, to secure the payment for labor done, lumber, material, machinery or fixtures and tools furnished for construction, alteration or repairs." The appellant seeks to hold the property of appellees liable for the debt under the theory that Mehan & Coyle were acting as the agents of the owners of the property, and were such agents as is prescribed by the statute; and further seeks to hold the appellee Fredericks alone as to his interest from a direct contract which they claimed Fredericks entered into with the appellant for the work that was to be done upon the building itself. . The statute prescribing liens for mechanics, laborers, and others in several places uses the word "agent." For instance, in paragraph 2260, where it directs a service of the account upon the party owing the debt, it says, "It may be furnished to the party owing the debt or to his agent," using the word "agent" in connection with the owner or debtor. Again, when service is to be had upon the owner or debtor (paragraph 2280): "The word 'agent,' as used in this act, shall be construed to include all contractors, subcontractors, architects, builders; and persons who have the charge or control of any mine, mining claim, canal, water-ditch, flume, aqueduct, reservoir, fence, bridge, mill, factory, hoisting works or other property or thing upon

which labor has been performed or material furnished." This court, in the case of *Eaman* v. *Bashford*, reported in 4 Ariz. 199, 37 Pac. 24, held that where the owners of a mine had leased the mine with a contract that the lessee might operate the mine and extract ores, with the privilege of buying the mine, the mine was subject to a lien of the miners and others doing work on the mine for the lessees while operating the mine under such contract. This court there says: "It is clear that the mining and reduction of ore, the timbering of mines, and repairing of the mill were directly contemplated by the parties at the time of the execution of the instrument. The appellant, the owner of the mine, was to be benefited in either event, for, if the lessee, who had a contract to purchase the mine, became the purchaser, or produced ore less than the cost of extraction and reduction, they were to be credited upon the purchase price; and, if he failed to become the purchaser, all payments were to be forfeited, and become the property of the owner, who was really more interested in the work than the lessee; that it was just that the property be held for the pay-- ment of supplies used by the lessee in prosecuting work, especially when it was stipulated that the owner should first pay the cost of its extraction and its reduction." That case was decided upon the principle that the lessee became the agent of the owner of the mine to work it, and it must have been contemplated that in the working of the mine he would be at an expenditure for miners' wages and other work in the development and extraction of the ore. The court in that decision cited the case of *Moore* v. *Jackson*, reported in 49 Cal. 109, wherein a mechanic's lien against the property was held good under circumstances where the lessee of the premises directly contracted with the lessor to do certain repairs upon the house and premises, and where it was expected that the repairs should be paid for by the lessor. Under such contract it was held that the lessee was the agent for the lessor, and, being his agent, the premises should be held for the labor and expenses of setting it up under the contract. It has often been urged that our statute is so broad in its terms that any person whatever furnishing material or doing labor at the instance of any person connected with the property might have a mechanic's lien upon the property, and that the statute is so broad as to make any one obtaining material for the premises or having

work done upon the premises the agent for the holder. Such argument reaches way beyond the purposes of the lien law. Agency, in the matter of a contract for material and labor, so as to bind the premises upon which it is placed, must be shown to exist as is required in other cases of agency, with the modification, however, which the statute makes,—to wit, that contractors, subcontractors, architects, and builders shall be the agents of the particular people for whom they act, and that the persons who have the charge or control of mines, mining claims, canals, etc., shall be regarded as the agents of the owners in and about the particular premises. But there is no statute, nor is there any principle which can be called into requisition, which makes the leaseholder the agent of the lessor. Parties furnishing material or doing labor for a leaseholder undoubtedly may have a lien against the particular estate of the leaseholder; but to hold the owner of the property responsible, and his estate in the property responsible, would be to put the landlord at the mercy of the tenant. Under such circumstances the tenant could make any kind of improvements at the expense of the property.

If we look at the evidence in this particular case, we will find that about the time appellant had completed the work on the bar, back bar, and screen for Mehan & Coyle they spoke to the appellant about some proposed work on the building, and said that they intended to speak to the owners of the building about it; that about two days thereafter they reported to the appellant that they had seen Fredericks, and before he would answer them he wanted to see his co-owners; that afterwards Mehan & Coyle told him he might go ahead and have the work done; that Fredericks had said he had seen his co-owners, and that they (Mehan & Coyle) would be allowed a credit on their rent of ninety dollars. This fact we regard as fairly proven. The evidence of the different witnesses puts some different construction upon it, but very slight, and no one goes so far as to show that the appellant had any direct contract with Fredericks or any of the owners. Fredericks in his evidence says that he had a conversation on November 7th with Gates, the appellant, and Gates asked him if Mehan & Coyle had a lease on the building, and he told him that they had. Gates said that he had done work for them, and that they had not paid him, and that he had a notion to

attach,—referring to the bar and back bar. He further says that, in referring to telling Mehan & Coyle to go ahead, Mehan & Coyle asked him to assist them, as they had been to a great deal of expense in fitting up the building. Fredericks said he would consult his co-owners about it, and did consult them, and they concluded that, as Mehan & Coyle were paying them ninety dollars a month, or fifteen dollars per month more than they were getting before, and in consideration of the fact that they had paid rent from the 1st of November, and had not entered into business until later, that they could well afford to give them the sixth month's rent free of charge, provided, however, that they paid the first five months' rent promptly, and Fredericks so informed Mehan & Coyle; that he never authorized Mehan & Coyle to have the work done, and made no arrangements about paying for the work. It is in evidence that Mehan & Coyle occupied the premises but a couple of months, or such a matter, and then left them; consequently the rent for the sixth month was not credited upon their account of rent. Under these circumstances it would be impossible for the court to have wisely concluded that Mehan & Coyle were the agents of the owners of the property in the repairs about the building and premises. The work done upon the bar, back bar, and screen, being the personal property of Mehan & Coyle, could not be charged against the real estate or the estate which the lessors held in the property. The judgment of the district court is affirmed.

Sloan, J., Doan, J., and Davis, J., concur.