[Civil No. 1402.   Filed April 17, 1915.]

[147 Pac. 717.]

## OCEANIC GOLD MINING COMPANY, a Corporation, Appellant, v. ALBERT STEINFELD, Appellee.

1. MINES AND MINERALS — LIENS FOR LABOR ON MINING CLAIMS — "AGENT."—Civil Code of 1901, paragraph 2904, giving miners lien for any sum unpaid, does not give a lien to miners unless the labor was done at request of the owner or his agent; and a purchaser, obtaining an option contract, with right to go on the mining claims and work and develop the same, is not an "agent," and cannot authorize a lien for his employees.

2. CONSTITUTIONAL LAW—IMPAIRING OBLIGATION OF CONTRACTS—STATUTES—CONSTRUCTION.—The amendment of Civil Code of 1901, paragraph 2904, by Laws of 1912, chapter 66, so as to give to employees of a purchaser of mining property under an option contract a lien for labor, cannot be given a retroactive operation, and cannot apply to an owner who gave an option prior to the amendment; for otherwise the amendment would impair the obligation of a contract, in violation of the state and federal Constitutions.

    [As to validity of mechanic's lien laws, see note in Ann. Cas. 1912C, 339.]

APPEAL from a judgment of the Superior Court of the County of Pima.   W. F. Cooper, Judge.   Remanded, with directions.

The facts are stated in the opinion.

Mr. Francis M. Hartman, for Appellant.

Mr. S. L. Kingan and Mr. Charles Blenman, for Appellee.

FRANKLIN, J.—This is an action to foreclose a statutory lien for labor performed upon and materials furnished for a certain group of mining claims owned by the appellant, Oceanic Gold Mining Company, a corporation. The appellee brought this action as the assignee of certain persons whom he claims performed such labor and furnished such materials, in an amount aggregating the sum of $8,543.28. Appellant and the Imperial Mines Company, a corporation, are defendants. A trial was had, which resulted in a judgment against the appellee, refusing a foreclosure and decreeing the lien to be null and void, and on his motion a new trial was granted. The appeal is from such order.

In the notice and claim of lien it is stated under the oath of appellee that the whole of said labor was performed upon and said materials were furnished for the said mining claims during and after the month of December, 1912, and under a contract with and at the request of the Imperial Mines Company, a corporation, and for which it promised to pay, but which it failed to do; that all of said mining claims, at the time said labor was performed and materials furnished, were owned by said Oceanic Gold Mining Company, and said claims were then under bond or option to buy, or contract to purchase the same, from the said Oceanic Gold Mining Company to the said Imperial Mines Company—said bond, option or contract permitting said Imperial Mines Company "to go upon said mining claims and locations and to work and develop the same." The claimant also states that the full amount of $8,543.28 is still due and owing to him for all of said labor and material, over and above all just and lawful payments, offsets and claims. The foregoing statements in the claim of lien are substantially what is alleged in the complaint in respect of the matters which we deem it necessary to refer in the decision of this appeal.

The lien is claimed under chapter 2, title 40, of the Revised Statutes of Arizona of 1901, and all amendments thereto, relating to liens of mechanics, laborers and others. The bond or option to buy, or contract to purchase, as the instrument is designated in the claim of lien and complaint, is alleged in the complaint to have been made by the Oceanic Gold Mining Company on November 22, 1912, to one Effie S. Tyron, and by her subsequently, on December 23, 1912, assigned to the

Imperial Mines Company. When this instrument was executed the law applicable to a lien of the kind in question is found in paragraph 2904 (section 25), Revised Statutes of Arizona of 1901. It provides:

"All miners, laborers, and others who may labor, and all persons who may furnish material of any kind, designed or used, in or upon any mine, or mining claim, and to whom any sum is due for such labor or material, shall have a lien upon the same for such sums as are unpaid."

This statute was amended at the first session of the First Legislature, which statute, as amended, became the law on December 5, 1912, and so far as pertinent to this case is as follows:.

"All miners, laborers, and others who may labor, and all persons who may furnish material of any kind designed or used, in or upon any mine, or mining claim, and to whom any sum is due for such labor or material, shall have a lien upon the same for such sums as are unpaid. And said lien for labor performed or material furnished, shall attach to said mine, or mining claim, whenever said labor was performed, or said material was furnished in or upon said mine, or mining claim, under any of the following conditions: 1. . . . 2. . . . 3. Under or by virtue of a contract between persons performing said labor, or furnishing said material, and any person or corporation having an option to buy, or contract to purchase said mine, or mining claim, from the owner thereof, where said option or contract permits the person, or corporation, having said option to buy, or contract to purchase, to go upon said mine, or mining claim, and to work or develop the same." Chapter 66, First Session, First Legislature, 1912.

It will be seen, therefore, that the law as amended was not in effect at the time of the execution of the bond, option or contract, as it is called.

We have recently had this statute as amended before us, wherein it was sought to have it applied to a bond, or option, or contract, made before the amendment went into effect and after a careful consideration of the authorities we refused to give the amendment a retroactive operation, for the reason that such an application of the law as amended would be a substantial interference with the obligation of the contract

itself, and such an application of the law is prohibited by the Constitution of Arizona, and the Constitution of the United States. See *Foltz* v. *Noon, ante,* p. 410, 146 Pac. 510. The right to the lien must be tested by the statute as it existed before the amendment went into effect, and under this statute no lien could be secured unless the labor performed and the material furnished was at the instance of the owner of the property or his agent. The complaint seeking to foreclose the lien fails to show that the labor was performed and the materials were furnished at the instance of the owner of the property or his agent. "The mere fact of such a contract, or option, or bond, by the terms of which the proposed purchaser was permitted to enter upon, work and develop the mines, with no further or additional powers over the property, would not constitute the proposed purchaser the agent of the owner in the employment of labor." *Foltz* v. *Noon, supra.* There is, therefore, a fundamental defect in the complaint, which we must recognize on this appeal as affording no basis for a judgment in favor of the appellee.

The appellant also calls the attention of the court to the claim of lien, and asserts that the lienor's (assignee) demand is not a true statement, and does not deduct all just credits and offsets and by reason of the omission of credits and the inclusion of nonlienable items in the claim of lien, and the the blending together of lienable and nonlienable items, that such claim of lien must be disallowed *in toto.* Appellant invokes the rule here, as he did in the lower court, that where a lien claimant puts on record a statement of the account which he knows to be untrue, or which, by the exercise of reasonable diligence, he could have ascertained to be untrue, he loses his lien, citing in support of such rule *Griff* v. *Clark,* 155 Mich. 611, 130 Am. St. Rep. 582, 29 L. R. A. (N. S.) 305, 119 N. W. 1076; *New Jersey Steel & Iron Co.* v. *Robinson,* 85 App. Div. 512, 83 N. Y. Supp. 450; *Equitable Savings & Loan Assn.* v. *Hewitt,* 55 Or. 329, 106 Pac. 447; *Lynch* v. *Cronan,* 6 Gray (Mass.), 531; *McPherson* v. *Walton,* 42 N. J. Eq. 282, 11 Atl. 21; *Lewis* v. *Beeman,* 46 Or. 311, 80 Pac. 417; *Kendall* v. *Fader,* 199 Ill. 294, 65 N. E. 318.

On this appeal, and the disposition to be made of it, we do not feel called upon to enter into a discussion of this contention. The complaint fails to show that the work was done or

the materials were furnished at the instance of the owner of the property or his agent. As we have said, this is a fundamental defect, and affords no basis for a foreclosure of the asserted lien.

The order granting the motion for a new trial will not be disturbed, but the cause is remanded, with directions to sustain the general demurrer to the complaint.

ROSS, C. J., and CUNNINGHAM, J., concur.