[Civil No. 3225. Filed September 17, 1932.]

[14 Pac. (2d) 256.]

DeMUND LUMBER COMPANY, a Corporation, Appellant, v. J. A. FRANKE, PETER TONELLI, JULIA ARIGONI TONELLI, His Wife, GEORGE W. CYPERT and K. WILFONG, Appellees.

462

Mr. R. C. Bennett, for Appellant.

Mr. J. Fred Hoover, for Appellees.

LOCKWOOD, J.—DeMund Lumber Company, a corporation, hereinafter called plaintiff, brought suit against J. A. Franke, Peter Tonelli, Julia Arigoni Tonelli, his wife, George W. Cypert and K. Wilfong to enforce a mechanic's lien for materials furnished for the erection of a building upon a lot owned by the Tonellis. Cypert and Wilfong were made defendants for the reason that they also had filed mechanics' liens on the same property. Defendant Franke was never served with process and did not appear. The case was heard before the court sitting without a jury and judgment rendered to the effect that the property of the defendants Tonelli was not liable for any of the liens set up, and the case was dismissed as to them, but continued as to defendant Franke until service could be made upon him. From the order overruling the usual motion for new trial and the judgment, plaintiff has appealed.

In order to make the situation more plain, it is necessary that we consider to some extent the evi-

dence in the case. This taken in the strongest manner on behalf of defendants Tonelli, as under our familiar rule we must take it, shows as follows: Tonelli and his wife were the owners of the premises against which the lien was filed. On April 1st, 1930, they leased such premises to defendant Franke with an option to purchase the property at any time within two years from the date of the lease. Franke went into possession and commenced the construction of a building thereon, arranging with Cypert to furnish the bulk of the labor and act as foreman on the job, and with plaintiff herein to furnish the material. Defendants Tonelli at no time had anything to do with these arrangements, or indeed with the premises themselves in any manner after the execution of the lease, nor did they ever at any time authorize Franke or any other person to construct the building or secure labor and material therefor. It is true there is direct and positive evidence in the record from which the trial judge could have found that Tonelli did authorize such construction and purchase, but we must assume from the judgment rendered he did not believe the testimony to that effect.

It is undoubtedly the law in Arizona that only the interest of the party who causes the building to be erected or the materials to be furnished can be ordered sold to satisfy mechanics' or materialmen's liens, and where the owner of premises has leased them, a person furnishing material or doing labor for the lessee on the premises may have a lien against the particular estate of the lessee, but can have none against the owner's estate in the property unless it appears that the lessee is actually an agent of the owner, or as a matter of law is estopped from denying such agency. Section 2020, Rev. Code 1928; *Hadley Co.* v. *Cummings,* 7 Ariz. 258, 64 Pac. 443.

If, therefore, Franke was the agent of Tonelli for the purpose of purchasing the materials and hiring

the labor used in the erection of the building, or if Tonelli by his conduct is estopped from denying such agency, plaintiff was entitled to its lien against the interest of Tonelli. If, on the other hand, such agency or estoppel did not exist, the only lien to which plaintiff was entitled was against the interest of Franke in and by virtue of his lease, and since he was not served, obviously no lien can be foreclosed as against such interest. Since the finding of the trial court as to the facts must necessarily be assumed to be adverse to the position of plaintiff, the judgment must be affirmed, and it is so ordered.

McALISTER, C. J., and ROSS, J., concur.