[Civil No. 3268.   Filed January 16, 1933.]

[18 Pac. (2d) 267.]

ALBERT STEINFELD & CO., a Corporation, Appellant, v. ALLISON MINING COMPANY, a Corporation, and TOM REED GOLD MINES COMPANY, a Corporation, Appellees.

Mr. Charles Blenman and Mr. Samuel L. Pattee, for Appellant.

Mr. John W. Ross and Mr. L. L. Wallace, for Appellees.

LOCKWOOD, J.—Albert Steinfeld & Co., a corporation, hereinafter called plaintiff, brought suit against Allison Mining Company, a corporation, and Tom Reed Gold Mines Company, a corporation, hereinafter called defendants, for the purpose, among other things, of foreclosing a lien upon certain mining claims owned by the defendants. There were

other defendants, but since they have not appealed we need not consider them. It was stipulated between the parties that the El Oro Mining & Milling Company, a corporation, hereinafter called the mining company, was in possession of the claims against which the lien was sought to be enforced under a certain lease agreement with the defendant owners, and that plaintiff sold to said mining company $844.55 worth of goods used by the latter on said claims. The goods were furnished between December 30th, 1930, and May 19th, 1931, and on August 21st, 1931, plaintiff recorded a notice and claim of lien containing the matters required by the provisions of section 2021, Revised Code 1928, and duly served the same.

The defense was based upon two grounds, first, that the claim of lien was not filed and recorded within ninety days after the last item of merchandise was furnished the mining company, and, second, that defendants had properly given a ''no lien'' notice under the provisions of section 2029, Revised Code 1928. This last notice was offered in evidence, but was objected to on the ground that it did not sufficiently describe the mining claims covered thereby, in that the notice did not give the book and page where the location notices of said claims were recorded, and contained no physical description of the claims except by giving their names and the district, county and state where they were located. The trial court held the no lien notice above referred to was insufficient, but that plaintiff had failed to file and record its claim of lien within the time fixed by statute, and therefore rendered judgment for defendants. From said judgment this appeal is taken.

The first question we consider is whether or not in order to fix and secure a lien against a mining claim it is necessary that a notice and claim of lien be recorded within ninety days after the last item for

which the lien is claimed is furnished. Liens of this nature are wholly creatures of the statute, and their effect depends entirely upon the interpretation of the law creating them. On reading the entire statute applying to the matter it is obvious that it is not definite on the point involved, and we must therefore endeavor to determine the legislative intent by the usual methods. One of the best ways of ascertaining this intent is a review and comparison of the Arizona statutes on this subject from the beginning. The first lien law which we find is one approved December 30th, 1865. This statute, so far as material for our purpose, reads as follows:

"1476. All artisans, builders, mechanics, lumber merchants, and all other persons performing labor or furnishing material for the construction or repairing of any building, wharf, superstructure, or for work done upon any lode or mining claim, shall have a lien on such building, wharf, superstructure, lode or mining claim for the labor done or material furnished by each respectively."

"1477. Every person wishing to avail himself of the benefits of this act shall file in the recorder's office of the county in which such building, wharf, superstructure, lode or mining claim is situated, within ninety days after the completion of such building, wharf or superstructure, or after such labor has been performed, a just and true account of the demand due him, after deducting all proper credits and assets, and shall verify said account by his own oath or the oath of some other person, and shall also file at the same time a correct description of the property to be charged with such lien. . . . "

"1481. No such lien shall bind any building, wharf, superstructure or other work for a longer period than six months after filing the same. . . . "

It is obvious from the language of this statute that any lien granted by the act, including those applying to mining claims, failed unless the claimant filed his statement of lien in the recorder's office within ninety

days. This act was carried over into the compiled laws of 1877 *verbatim.*

In 1887 the Code was revised, the different titles and sometimes even chapters of the revision being adopted as separate acts. Title 43 of the Civil Code is entitled "Liens" and chapter 2 thereof is headed "Mechanics', Laborers' and Others," and reads in part as follows:

"2258. That any person or firm, lumber dealer, artisan or mechanic, who may labor or furnish material, machinery, fixtures or tools to erect any house or improvement, or to alter or repair any building or improvement whatever, shall have a lien on such house, building, fixtures or improvements, and shall also have a lien on the lot or lots or land necessarily connected therewith, to secure payment for labor done, lumber, material, machinery or fixtures and tools furnished for construction, alteration or repairs."

"2259. In order to fix and secure the lien herein provided for, the person or firm, contractor, mechanic, artisan or lumber dealer performing labor or furnishing material shall have the right at any time within sixty days after the completion of such labor or the completion of the furnishing of such material to file his contract in the office of the county recorder of the county in which such property is situated, and cause the same to be recorded in a book to be kept by the county recorder for that purpose."

"2262. When such contract or account is filed and recorded it shall be deemed sufficient diligence to secure the lien herein provided."

"2276. All miners, laborers and others who may labor, and all persons who may furnish material of any kind, designed or used, in or upon any mine or mining claim, and to whom more wages are due for such labor or material, shall have a lien upon the same for such sums as are unpaid."

"2282. No lien created by *this act* shall continue for a longer period than four months after the filing thereof in the county recorder's office of the proper county unless suit is brought within such period in

'the proper court to enforce the same.'' (Italics ours.)

It will be noted particularly on reading these provisions that, while the lien on mining claims is placed in a separate paragraph, it is clearly implied that *all liens* created by 'the act must have been filed in the office of the county recorder, and the only provision as to when and how it must be filed is found in paragraph 2259, *supra*.

In the revision of 1901, title 40 of the Civil Code is designated ''Liens,'' while chapter 2 of such title is entitled ''Mechanics, Laborers and Others.'' Chapter 2 contains the following sections:

''2888. That any person, firm or corporation who may labor or furnish material, machinery, fixtures, or tools to erect any house or improvement, or to alter or repair any building or improvement whatever, shall have a lien on such house, building, fixtures or improvements, and shall also have a lien on the lot or lots or land necessarily connected therewith, to secure payment for labor done, lumber, material, machinery or fixtures and tools furnished for construction, alteration or repairs.''

''2889. In order to fix and secure the lien herein provided for, the person, firm, contractor, mechanic, artisan or lumber dealer performing labor or furnishing material, shall have the right at any time within ninety days after 'the completion of such labor or the completion of the furnishing of such material, to file his contract or an itemized account duly verified before a notary public or other person qualified to administer oaths, in the office of the county recorder of the county in which such property is situated and cause the same to be recorded in a book to be kept by the county recorder for that purpose.''

''2904. All miners, laborers and others who may labor, and all persons who may furnish material of any kind, designed or used in or upon any mine or mining claim, and to whom any sum is due for such labor or material, shall have a lien upon the same for such sums as are unpaid.''

"2909. No lien created by *this act* shall continue for a longer period than six months after the filing thereof in the county recorder's office of the proper county unless suit is brought within such period in the proper court to enforce the same."

"2911. The liens for work and labor done or material furnished, as provided in this chapter, shall be upon an equal footing without reference to date of filing the account or lien." (Italics ours.)

Again it is apparent it was the intention of the legislature that all liens should be filed, and that there is but one paragraph directing when and how that filing is to be done.

In 1913 the Civil Code was again revised, title 29 of that revision being entitled "Liens," while chapter 2 thereof refers to "Mechanics, Laborers and Others." The paragraphs of the chapter material to this case read as follows:

"3639. Every person, firm or corporation who may labor or furnish materials, machinery, fixtures or tools to be used in the construction, alteration, erection, repair or completion of any building or other structure or improvement whatever shall have a lien on such house, building, structure or improvements for the work or labor done or materials, machinery, fixtures or tools furnished, whether said work was done or articles furnished at the instance of the owner of the building, or improvement, or his agent. The lien herein provided shall extend to the lot or lots of land necessarily connected with the building, structure or improvement made or erected; and every contractor, sub-contractor, architect, builder or other person having charge or control of the construction, alteration, or repair, either in whole or in part, of any building or other structure or improvement, shall be held to be the agent of the owner for the purposes of this chapter, and the owner shall be liable, under the terms hereof, for the reasonable value of labor or materials furnished to an agent."

"3640. In order to fix and secure the lien herein provided for, every original contractor, within ninety days, and every other person, firm or corporation, saving an original contractor, claiming the benefits of this chapter, within sixty days after the completion of any building, structure or improvement or after the completion of any alteration or repair thereof, must make duplicate copies of a notice and claim of lien and file for record with the county recorder of the county in which the property, or some part thereof, is situated, one copy thereof and within a reasonable time thereafter, serve upon the owner or owners of said building, structure or improvement, if to be found within the county, the remaining copy. . . . "

"3642. A substantial compliance with the terms of the preceding sections of this chapter shall be deemed sufficient diligence to secure any of the liens provided for *in this title,* except where other modes of procedure are designated."

"3654. All miners, laborers and others who may labor, and all persons who may furnish material of any kind, designed or used, in or upon any mine, or mining claim, and to whom any sum is due for such labor or material, shall have a lien upon the same for such sums as are unpaid. And said lien for labor performed, or material furnished, shall attach to said mine, or mining claim, whenever said labor was performed, or said material was furnished in or upon said mine, or mining claim, under any of the following conditions: . . .

"(2.) Under or by virtue of a contract between the person performing such labor, or furnishing said material, and the lessee of said mine, or mining claim, or his agent, or contractor, where the terms of the lease from the owner of said mine or mining claim, to said lessee, permit said lessee to develop or work said mine, or mining claim."

"3659. No lien created *by this title* shall continue for a longer period than six months after the filing thereof in the county recorder's office of the proper county unless suit is brought within such period in the proper court to enforce the same.".

"3661. The liens for work and labor done or material furnished, as provided in this chapter, shall be upon an equal footing without reference to date of filing the notice and claim of lien. . . . " (Italics ours.)

It will be seen that the language of the statute regarding the filing of the claim of lien was changed from the merely permissive form of 1901 to the mandatory. In order to fix and secure the lien the lienor no longer "shall have the right" but "must" file his claim within the statutory period. A new element was also introduced into liens upon mining claims. Up to this time it was held that, when the labor or material was furnished at the instance of a lessee or optionee of the owner, the lien applied only to the interest of such persons and not to that of the owner of the premises. *Griffin* v. *Hurley,* 7 Ariz. 399, 65 Pac. 147; *Oceanic Gold Min. Co.* v. *Steinfeld,* 16 Ariz. 571, 147 Pac. 717; *Harper* v. *Independence Development Co.,* 13 Ariz. 176, 108 Pac. 701.

It is a well-known fact that mining claims in Arizona are very frequently worked under leases or bonds and options of purchase, and many laborers and materialmen who had performed labor or furnished material to the lessees found that, after the lease had expired or the bond and the option of purchase had not been taken up, their lien was worthless. For this reason the legislature extended such lien against a mining claim to cover the interest of the owner, when the work or material had really been ordered by the lessee or optionee, but it is clear that it was still assumed that every lien set forth in chapter 2 must be filed, and the only provision in regard to filing was found in paragraph 3640, *supra.* The legislature very shortly realized, however, that this was a heavy burden to impose upon the owners of mines, and at its first session thereafter provided that

they might release themselves for liability for a lien by filing what is called a "no lien" notice. The statute set forth the form of the notice, which included among other things the name of the mining claim, the district and the county, and the book and page where the location notice of the claim was recorded.

In 1928 the Code was again revised. The purpose of such revision, as we have held in the case of *In re Sullivan's Estate,* 38 Ariz. 387, 300 Pac. 193, was not to change the substance of the law but to simplify the language, and it is presumed that, unless the change is such that it does not admit of that construction, a change of language is not a change of the meaning of the law. The 1928 Code, so far as material, reads as follows:

"§ 2020. *Attaches to Property; Contractor Agent of Owner.* Every person who may labor or furnish materials, machinery, fixtures or tools to be used in the construction, alteration or repair of any building, or other structure or improvement whatever, shall have a lien on the same for the work or labor done or materials, machinery, fixtures or tools furnished, whether said work was done or articles furnished at the instance of the owner of the building, or improvement, or his agent. . . . "

"§ 2021. *Perfecting Lien; Notice and Claim.* In order to fix and secure the lien herein provided for, every original contractor, within ninety days, and every other person claiming the benefits of this article, within sixty days, after the completion of a building, structure or improvement or any alteration or repair thereof, must make duplicate copies of a notice and claim of lien and file one copy thereof with the county recorder of the county in which the property, or some part thereof, is situated. . . . "

"§ 2028. *Lien on Mines and Mining Claims.* Miners, laborers and persons who furnish materials or merchandise of any kind, designed for or used in or upon any mine, or mining claim, and to whom any sum is due for such labor, material or merchandise,

shall have a lien upon the same for such sums as are unpaid. Such lien shall attach whenever the labor was performed, or material or merchandise furnished . . . under or by virtue of a contract between the person performing such labor, or furnishing said material or merchandise, and 'the lessee of said mine or mining claim, or his contractor, where the lease from the owner to the lessee permits the lessee to develop or work said mine or mining claim. . . . ''

"§ 2033. *Action Within Six Months to Foreclose.* No lien created *by this article* shall continue for a longer period than six months after the filing thereof for record unless action be brought within such period to enforce the same.''

"§ 2036. *Liens On Equal Footing; Pro-Rating.* The liens for work and labor done or material furnished, as provided in this article, shall be upon an equal footing without reference to date of filing the notice and claim of lien. . . . '' (Italics ours.)

The provision in regard to "no lien" notices is substantially the same, except 'that the specific form of the notice is not set forth in the Code, the statute requiring that it shall contain language "particularly describing the mining claims.''

We think that a careful comparison and examination of these different sections of our statutes covering liens from 1865 to the present 'time makes it obvious that at all times our legislature has assumed and implied that all mechanics' and laborers' liens of every nature must be perfected by filing the same in the office of the county recorder. The time in which such filing could be made has varied in the different statutes, but it has always been required as an essential prerequisite to the retaining of a lien.

But it is urged by plaintiff that the work upon a mining claim is necessarily continuous in its nature and never finished, and since section 2021 states that the time limit fixed therein shall commence to run "after the completion of a building, structure or im-

provement or any alteration or repair thereof'' that the section could not be held to apply. *Williams* v. *Mountaineer G. M. Co.,* 102 Cal. 134, 34 Pac. 702, 36 Pac. 388; *California Powder Works* v. *Blue Tent etc. Ltd.,* 3 Cal. Unrep. 145, 22 Pac. 391. If we are to insist upon a meticulously grammatical construction and comparison of the language of sections 2021 and 2028, there would be some force in the objection, and grammatical structure is one, of course, of the rules of construction of a statute. Such a rule, however, should never be applied to defeat the plain intent and purpose of a law. *People* v. *Camp,* 42 Cal. App. 411, 183 Pac. 845; *Larkin* v. *Paugh,* 276 U. S. 431, 48 Sup. Ct. 366, 72 L. Ed. 640; *Territory ex rel. Sampson* v. *Clark,* 2 Okl. 82, 35 Pac. 882. It is well known that legislators are frequently neither expert grammarians nor lawyers well versed in the technique of legal phraseology, and we should always construe language used in a statute in the sense in which it would be used and understood by the ordinary man under the circumstances of the case unless it clearly appears that a technical construction is intended. *Arizona Eastern Railroad Co.* v. *Matthews,* 20 Ariz. 282, 180 Pac. 159, 7 A. L. R. 1149. The whole intent and purpose of the lien law is to give this right to burden the property of an owner without his consent and usually without his knowledge, only to the diligent laborer or materialman, and the method of fixing and securing the lien is explicitly set forth in the statute, and any right not so secured is declared lost. It is unreasonable to think the legislature which commanded the claimant of a lien against mining claims to, at his peril, file his claim in the same manner as other lienors, meant to give him an indefinite time to do so, when others were held to a fixed time.

It is true lien laws are remedial and are to be liberally construed. *Wylie* v. *Douglas Lumber Co.,* 39

Ariz. 511, 8 Pac. (2d) 256. But the intent of the legislature is the final criterion, and we think its intent was that liens against mining claims by original contractors must be filed within ninety days after they have completed their particular contract.

We therefore hold that it was necessary for plaintiff to file its claim of lien within ninety days after it had finished the furnishing of the material for which it claims a lien, and, since this was not done, the trial court properly rendered judgment for defendants denying the lien. We need not consider the question of the "no lien" notice offered and rejected. The judgment of the superior court of Pima county is affirmed.

ROSS, C. J., and McALISTER, J., concur.