[Civil No. 3401.   Filed October 15, 1934.]

[36 Pac. (2d) 579.]

THE MULCAHY LUMBER COMPANY, a Corporation, Appellant, v. O. A. OHLAND, Jr., HOWARD DOUGLAS, JOHN H. MARTIN, as Administrator of the Estate of JOSEPHINE B. MARTIN, Deceased, JOHN H. MARTIN, MADGE MARTIN McELHINEY, WILLIE MARTIN HAZELETT and JACK B. MARTIN, Appellees.

Mr. Samuel L. Pattee, for Appellant.

Messrs. Conner & Jones, for Appellees.

LOCKWOOD, J.—Mulcahy Lumber Company, a corporation, hereinafter called plaintiff, brought suit against O. A. Ohland, Jr., and Howard Douglas, and also against John H. Martin, as administrator of the estate of Josephine B. Martin, deceased, John H. Martin, in his individual capacity, Madge Martin Mc-Elhiney, Willie Martin Hazelett and Jack B. Martin, the last five named being hereinafter called defendants. The action sought a personal judgment against Ohland and Douglas for material and labor furnished for the completion of a building contract between the two, and a judgment against defendants fixing a lien on certain real estate in Tucson owned by them, on which the materials had been used and the labor applied. A personal judgment was rendered against Douglas, but the lien was denied, and from the judgment in favor of defendants, plaintiff has appealed.

The facts necessary for a determination of the case are not disputed and may be stated as follows: In 1930 defendants were the owners of certain real estate in Tucson. On November 1st of that year they leased it to O. A. Ohland, Jr. The lease was for one year from November 5th, with an option of renewal for another year at an increased rent, and followed the usual form, with provisions against subletting, etc., and then continued with the following condition:

"It is hereby agreed and understood, by and between the parties hereto, that the parties of the first-

part shall grant possession of the above premises to the party of the second part upon the execution of this lease, said grant being for the purpose of making necessary alterations in said building to adapt it for use as indoor golf course and said parties of the first part hereby grant to the party of the second part the right to make said alterations, provided the partitions of the storeroom known as 187 North Stone Avenue are not disturbed and that said alterations and improvements of said building shall be made at the sole expense of the party of the second part.

"Provided that the alterations so made by the second party do not weaken or impair roof supports, or removal of office rooms."

Ohland went into possession and contracted with Douglas to remodel the building for an indoor golf course. Douglas carried out the contract, and plaintiff furnished him material of the value of $1,213.25, which was used in the work. The enterprise was a failure and Ohland surrendered his lease, and the property was taken over by defendants, who removed the golf course and disposed of the material. A notice of lien was filed and perfected by plaintiff in due course, and thereafter this suit was brought.

There is but one question before us and that is whether on these facts the lien is good against defendants' interest in the realty. We have held repeatedly that ordinarily a lien for material used on leased premises by the lessee is not good against the interest of the lessor, even though the latter may have known of, or even acquiesced in, the use of the material, except when the facts are such as to show the lessee acted as agent of the lessor in ordering the material. *Eaman* v. *Bashford & Burmister,* 4 Ariz. 199, 37 Pac. 24; *Gates* v. *Fredericks,* 5 Ariz. 343, 52 Pac. 1118; *Hadley Co.* v. *Cummings,* 7 Ariz. 258, 64 Pac. 443; *Griffin* v. *Hurley,* 7 Ariz. 399, 65 Pac. 147; *Bogan* v. *Roy & Titcomb,* 10 Ariz. 237, 86 Pac. 13;

*Harper* v. *Independence Dev. Co.,* 13 Ariz. 176, 108 Pac. 701; *Foltz* v. *Noon,* 16 Ariz. 410, 146 Pac. 510; *Oceanic G. M. Co.* v. *Steinfeld,* 16 Ariz. 571, 147 Pac. 717; *DeMund Lumber Co.* v. *Franke,* 40 Ariz. 461, 14 Pac. (2d) 256. Nor is this general rule criticized by plaintiff. Its contention is that the facts above bring the case within the exception stated. In support of this, our attention has been called to many cases. Some of these are not in point. In others the statute on which they are based differs widely in its terms from ours. In most of those where the statute is similar to ours the substance of the decisions seems to be that where a tenant is compelled by the terms of his lease to make certain improvements, he is, as a matter of law, thereby created the agent of the lessor for that purpose, so far as the lien laws are concerned. *Ward* v. *Nolde,* 259 Mo. 285, 168 S. W. 596; *Mancourt* v. *Wissel,* 83 Ind. App. 313, 146 N. E. 423; *Allen Estate Assn.* v. *Fred Boeke & Son,* 300 Mo. 575, 254 S. W. 858; *Denniston & Partridge Co.* v. *Brown,* 183 Iowa 398, 167 N. W. 190; *Oregon Lbr. & Fuel Co.* v. *Nolan,* 75 Or. 69, 143 Pac. 935, 146 Pac. 474; *Barth* v. *Schmitz,* 103 Misc. 267, 170 N. Y. Supp. 51. In others it was agreed that the lessor should pay for the improvements out of the rent or otherwise. *Potter* v. *Conley,* 83 Kan. 676, 112 Pac. 608. Or else the lease was held a mere subterfuge to avoid a lien. *Bentley* v. *Adams,* 92 Wis. 386, 66 N. W. 505.

The distinction between cases where the lessee has the option and where he has the obligation to build is pointed out in *Pioneer Sand & Gravel Co.* v. *Northern Pac. R. Co.,* 170 Wash. 618, 17 Pac. (2d) 9.

Nor do we think the fact that the lessors expected a certain improvement to be made brings the case within the exception. Had the lease compelled him to use the building for a purpose which required the

work to be done, it might perhaps be said there was an implied agreement that he was the defendants' agent to make it fit for that purpose. But under the lease there was no obligation upon him to devote the building to any particular purpose, and he might have used it for any other legitimate enterprise than a golf course at his will, and the lessors could not have interfered.

We are cited to the case of *Lilley* v. *J. D. Halstead Lbr. Co.*, 42 Ariz. 546, 28 Pac. (2d) 616, as supporting plaintiff's theory of the law. The facts in that case show that the materialman, before furnishing the material, communicated with the owner, asking in effect if the optionee had authority to bind the owner, and was led by the owner to believe he had. The case is not in point. We think the materialman herein was put on notice of the lack of the authority of the lessee to bind the lessor by the very clause of the lease on which it relies, for such clause explicitly states that any changes are to be at the expense of the lessee. It cannot blow hot and cold. If it wishes to claim under that clause, it must take it all or none at all. Nor do we think the conduct of defendant Martin at the time the remodeling started is such as to raise a presumption of agency in Ohland.

On the whole record we are of the opinion that plaintiff has failed to show that Ohland was either actually, or as a matter of law, the agent of defendants so as to establish a lien on the interest of defendants in the premises in question. Such being the case, the judgment of the superior court of Pima county is affirmed.

ROSS, C. J., and McALISTER, J., concur.